MARCUS D. H. SCHON *vs.* ODD FELLOWS BUILDING ASSOCIATION.

Suffolk. December 10, 1925. — May 24, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract*, Construction, Performance and breach.

At the trial in a municipal court of an action for the amount of a deposit paid by the plaintiff to the defendant at the time of the making of a contract in writing providing that the defendant would sell and convey certain real estate to the plaintiff "by a good and sufficient quitclaim deed . . . conveying a good and clear title to the same free of all incumbrances," and that if the defendant "shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereto shall cease," the judge found certain facts; found in conclusion that at no time was the plaintiff ready, willing and able to pay the balance called for by the contract, and that at all times the defendant was ready, willing and able to perform the contract; and found for the defendant. The Appellate Division reversed this finding and ordered judgment for the plaintiff, and the defendant appealed. *Held*, that in so far as the judge's findings were of fact, they were final; but so far as they involved rulings of law upon the evidence, they might be reviewed.

At the trial above described, it appeared that the agreement called for a conveyance of " a certain parcel of land with the building thereon known as the Odd Fellows Building, located at the corner of Marshall Street and Broadway in said Somerville." The deed through which the defendant received title conveyed a parcel of land running to the center of a four-foot passageway on its rear and provided that this passageway was "to be kept open to its full width of four feet . . . by the grantors and the grantee for the common use and benefit of each other." The

defendant tendered to the plaintiff a deed conveying property to the side line of the passageway with rights to use of the passageway in common with the owners of the adjoining property. The tender was refused. *Held,* that

(1) The requirements of the contract would be met by the deed tendered by the defendant;

(2) Since the contract required a good and clear title, it might well be taken to have applied only to so much land as the owner could have granted clear of encumbrance;

(3) The defendant being able and willing and offering to give such title as the contract stipulated, the plaintiff could not recover his deposit.

At the trial above described, it appeared that the defendant had built a fire escape for his building extending one foot beyond the center of the passageway. There was no evidence to show that this was contrary to rights of the adjoining owner. *Held,* that a finding was not warranted that the existence of the fire escape prevented the defendant from conveying the title as required by the contract.

The question, whether the existence of the passageway was a benefit to the property, being immaterial, an exception by the plaintiff to the admission of a question of an expert, and his affirmative answer showing such benefit, was not material.

CONTRACT for $500 deposited by the plaintiff with the defendant at the making of an agreement in writing for sale by the defendant to the plaintiff of land in Somerville. Writ in the Municipal Court of the City of Boston dated November 10, 1921.

Material evidence and findings and rulings by the trial judge are described in the opinion. The "expert's testimony," referred to in the opinion, was an affirmative answer to the question, "In your opinion . . . is the passageway a benefit to the property?"

The judge found for the defendant and at the plaintiff's request reported the action to the Appellate Division, who ordered: ". . . finding vacated. Judgment for the plaintiff on count one for $500, and interest from the date of the writ." The defendant appealed.

*A. L. Taylor,* for the defendant.

*H. Traverse,* for the plaintiff.

WAIT, J. The plaintiff sues to recover a part payment made by him upon a written contract for purchase and sale which provided that on or before October 3, 1921, the defendant should convey to the plaintiff "a certain parcel of land with the building thereon known as the Odd Fellows Build-

ing, located at the corner of Marshall Street and Broadway in said Somerville, . . . by a good and sufficient quitclaim deed . . . conveying a good and clear title to the same free of all incumbrances" except a certain mortgage. For this conveyance the plaintiff was to pay $14,500. The plaintiff paid $500 on signing the contract, and agreed to pay $14,000 in cash upon the delivery of the deed. The deed was to be delivered and the consideration paid at the registry of deeds at twelve o'clock noon on October 3, 1921, unless the parties agreed in writing to some other time and place.

The plaintiff's right to recover depends upon the effect to be given to the following clause in the agreement: "If the said Association shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof."

At the trial in the Municipal Court the judge found that at no time was the plaintiff ready, willing and able to pay the balance called for by the contract, and that at all times the defendant was ready, willing and able to perform the contract. So far as these findings are findings of fact, they are final. There is no appeal therefrom. G. L. c. 231, § 108. *Loanes* v. *Gast,* 216 Mass. 197, 199.

So far, however, as they involve rulings of law upon the evidence they may be reviewed.

It appeared that the building stood upon the corner of Marshall Street and Broadway on a lot which, by the deed conveying it to the defendant, ran back from Broadway substantially fifty-eight and three quarters feet deep on Marshall Street to other land of the grantors to the center line of a four-foot passageway, and with its rear wall on the northeasterly line of the passageway. That deed provided that this passageway was "to be kept open to its full width of four feet (4) by the grantors and the grantee for the common use and benefit of each other." The passageway is now walled up by surrounding buildings, and can be entered only from Marshall Street and from doorways opening from the

defendant's building. A fire escape on the wall of that building has for twenty-five years extended three feet over the passage. Nothing appeared to show by what right it passed one foot beyond the center line.

If the premises to be conveyed included the two feet of the passageway lying between the center line and the wall of the building, it is obvious that they were subject to an encumbrance. Whether beneficial to the owner or not, the fee in the way was subject to rights of an adjoining owner; which in law constitutes an encumbrance. *Bennett* v. *Sheinwald,* 252 Mass. 23. The defendant could not convey a clear title to those premises free of all encumbrances save the mortgage.

It could give the clear title, however, if the conditions of the contract would be satisfied by a conveyance of the land from Broadway to the side line of the passageway with a right to use the way in common with the adjoining owner. The requirements of the contract would be met by such a conveyance. It did not specify the contents or boundaries or the dimensions of the lot. It called for a conveyance of a certain parcel of land with the building thereon known as the Odd Fellows Building. The building seems to have been the main object of the purchase. Had the contract read for a conveyance of the Odd Fellows Building at the corner of Marshall Street and Broadway in Somerville, it would have been satisfied by a deed which conveyed the building with the land under it and so much of the grantor's remaining estate "as was necessary to its beneficial enjoyment, and within the power of the defendant to convey." *Scanlan* v. *Geddes,* 112 Mass. 15. *Crabtree* v. *Miller,* 194 Mass. 123. Since the contract required a good and clear title, it may well be taken to have applied only to so much as the owner could have granted clear of encumbrance. Every beneficial use of the property was secured by a grant of the land under the walls with a right to pass and repass on other land of the grantor. If it is urged that the fire escape encroached upon adjoining land of another owner; the answer is that the plaintiff did not make this appear. It is not incredible that it was erected after a right had been obtained, or that after an admitted existence of twenty-five years of open and, so far

as appears, unobstructed maintenance, a right by prescription had come into being.

The evidence showed that the defendant tendered a deed in each form, and was willing to deliver the one preferred by the plaintiff. We find no error in law which vitiates the judge's finding of fact that the defendant was able, willing and ready to comply with the contract.

There is nothing in the objection taken to the admission of the expert's testimony.

This disposes of the plaintiff's case. It rests upon the defendant's inability to perform. Whatever else the plaintiff may have done, whether he made a good tender or not, he refused to take the deed of a good and clear title (except for the mortgage) which was tendered him, and he cannot recover the amount which he paid. *King* v. *Milliken*, 248 Mass. 460.

The order of the Appellate Division is reversed and judgment for the defendant is to enter on the finding by the trial judge.

*So ordered.*