Lona S. W. Degener & another *vs.* The Gray Line, Inc.

Suffolk.   December 8, 9, 1953. — February 25, 1954.

Present: Qua, C.J., Lummus, Wilkins, Spalding, & Counihan, JJ.

*Damages*, For tort, For personal injuries, Mitigation.   *Practice, Civil,*
   Requests, rulings and instructions.

One who is injured by the wrongdoing of another and who fails to use
   reasonable care to minimize the damages cannot recover from the
   wrongdoer for injurious consequences of such failure.
In an action for personal injuries in a District Court, there was no re-
   versible error in the denial of requested rulings that the plaintiff was
   negligent in failing to secure proper medical care and treatment and
   that such failure aggravated her injuries, where a finding made by the
   judge showed that damages were awarded only for the injuries due
   to the defendant's wrongdoing and that nothing was awarded for
   injurious consequences of any such negligence on the part of the
   plaintiff.

Tort.   Writ in the Municipal Court of the City of Boston
dated June 1, 1949.

The action was heard by *Tomasello,* J.

*Dana J. Kelly,* for the defendant.

*Frank A. Stout, Jr., (Thomas L. Hederson, Jr., & Alvin J.
Slater* with him,) for the plaintiffs.

Lummus, J.   The plaintiffs in this action of tort were
passengers for hire on a bus operated by the defendant.
The defendant concedes that its operation of the bus could
be found to have been negligent.   At the trial a judge of a
District Court found for the plaintiff Degener in the sum of
$7,500, and for the plaintiff Schmidt in the sum of $14,000.
The Appellate Division dismissed a report, and the de-
fendant appealed.

The only question argued relates to the alleged failure of
the plaintiffs to obtain proper medical care and treatment
after the injury.   One who is injured by the wrongdoing of
another owes to that other the duty to make every reason-

able effort to repair the injury and lessen the damages. If he does not, the cause of any injury which such effort would have prevented is to be found in the neglect of the person injured, and not in the original wrong. *Brian* v. *B. Sopkin & Sons, Inc.* 314 Mass. 180, 183, and cases cited. *Hall* v. *Paine,* 224 Mass. 62, 65. *Noyes* v. *Whiting,* 289 Mass. 270, 272. *Ouillette* v. *Sheerin,* 297 Mass. 536, 543.

The accident happened on June 5, 1948. There was evidence that the plaintiff Degener saw a physician in August, 1949, but that was apparently because of a fall shortly before. She testified that "the physicians who have examined her have done so at the request of her attorneys and for the purpose of testifying in this case." On July 6, 1948, she signed a statement that "I have not been to a doctor for my injuries." The plaintiff Schmidt testified "that she never had any medical treatment for her injuries; that all the doctors who examined her had done so at the request of her attorney and for the purposes of this trial." Two physicians testified that if she had received medical treatment immediately after the accident her condition would have been helped. Two other physicians testified to the same thing with respect to the plaintiff Degener.

The defendant presented the following requests for rulings of law. "3. The evidence requires a finding that the plaintiffs were negligent in failing to secure proper medical care and treatment following the alleged accident. 4. The evidence requires a finding that the alleged injuries of the plaintiffs were aggravated through the plaintiffs' failure to secure proper medical care and treatment following the accident." In denying these requested rulings the judge made a special finding that "The injuries to the extent of the finding of damages made were not due to negligence in securing treatment." That special finding was in substance that the judge eliminated from his award of damages all consequences of negligent failure to obtain proper medical care and treatment. The defendant was left with all the benefit to which it was entitled from a finding that the plaintiffs negligently failed to obtain proper medical care and

treatment. The special finding showed that nothing was awarded to the plaintiffs for injury resulting from their neglect, but that they were awarded only such damages as were caused by the negligence of the defendant.

*Order dismissing report affirmed.*