FAIRVIEW AUDITORIUM CORPORATION *vs.* FAIRVIEW AUDITORIUM CLUB, INCORPORATED.

Hampden.    May 4, 1954. — September 17, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant*, Validity of lease. *Contract*, Validity. *Club*. *Alcoholic Liquors*, Club. *Waiver*. *Pleading, Civil*, Answer.

A lease of a building by a business corporation to a civic, educational or benevolent corporation with a covenant by the lessee to secure a "club liquor license" and "to maintain a properly conducted drinking place in the building" could not be ruled invalid as calling for illegal conduct in that all the members of the lessee were stockholders in the lessor and through payment of rent under the lease would receive profits from the lessee's sales of liquor contrary to the provisions of St. 1934, c. 385, § 1, defining a club, where the lease did not require payment of the rent out of such profits and the lessee had other income.

In an action for rent due under a lease, a defence of waiver of payment or tender of rent is not open unless pleaded in the answer.

CONTRACT.    Writ in the Superior Court dated February 2, 1952.

The action was tried before *Broadhurst*, J.

*Edward L. Donnellan*, for the defendant.

*Frank J. McKay*, for the plaintiff.

LUMMUS, J. The first count of the plaintiff's declaration is for rent under a written lease. The plaintiff obtained a verdict on that count. The answer of the defendant was a general denial, payment, and an allegation of illegality in the lease. The only exception of the defendant is to the denial of its motion for a directed verdict in its favor on that first count.

The plaintiff was incorporated in 1927 as a business corporation under G. L. c. 156, with a capital stock of $15,000, divided into shares of the par value of $5 each. In 1949 it obtained a club license for the sale of alcoholic beverages at its building on Gladdu Avenue in Chicopee. After advice from the alcoholic beverages control commission that the plaintiff as a business corporation could not hold a club license, some of its stockholders caused the defendant to be organized and incorporated on November 22, 1949, as a civic, educational or benevolent corporation under G. L. (Ter. Ed.) c. 180. On January 16, 1950, the plaintiff leased to the defendant its building on Gladdu Avenue in Chicopee from January 1, 1950, to January 1, 1955, at a rent of $600 a month. The lease provided that "The lessee covenants and agrees to secure a club liquor license each and every year and to maintain a properly conducted drinking place in the building at 8 Gladdu Avenue." For the year 1950 the defendant obtained a club license under G. L. (Ter. Ed.) c. 138, § 12, as appearing in St. 1935, c. 468, § 1, amended in immaterial respects by St. 1936, c. 207, § 2, St. 1936, c. 368, § 2, St. 1937, c. 264, St. 1937, c. 331, St. 1943, c. 542, §§ 3, 4, St. 1948, c. 649, and St. 1949, c. 391. No such license was obtained for the year 1951. Rent was paid under the lease for the first six months of 1950, but no rent was paid for 1951 or 1952. The defendant was evicted for nonpayment of rent on September 10, 1952.

By G. L. (Ter. Ed.) c. 138, § 1, as appearing in St. 1933, c. 376, § 2, and as amended by St. 1934, c. 385, § 1, the word "club" as used in the relevant statute is defined as exclud-

ing an organization in which a "member or any officer, agent or employee . . . is paid, or directly or indirectly receives in the form of salary or other compensation, any profits from the disposition or sale of alcoholic beverages beyond the amount of such salary as may be fixed and voted annually within two months after January first in each year by the members or by its directors or other governing body." It is true that all the members of the defendant were stockholders in the plaintiff, and would benefit from the payment of rent under the lease. But the burden was on the defendant to prove that the lease called for illegal conduct. *Nussenbaum* v. *Chambers & Chambers Inc.* 322 Mass. 419, 423. Nothing in the lease required that the rent be paid out of the proceeds of the sale of alcoholic beverages. The defendant had other income. There was evidence that it collected $600 as rent from the American Legion, and "there were other rentals in 1950 which were collected." Nothing in the lease prevented the defendant from obtaining all the rent or other income that it could. We think that it could not have been ruled as matter of law that the lease called for any violation of law or that the plaintiff could not recover. *Howes* v. *Kelman,* 326 Mass. 696.

There was evidence that the defendant sent checks to the plaintiff for the rent for the last six months of 1950, which were returned to the defendant, without prejudice to the rights of the plaintiff, to hold until a certain litigation between the parties should be terminated, and that that litigation has not been terminated. The substance of the defendant's contention with reference to this matter, as we understand it, is that the plaintiff waived the payment and the tender of the rent. But no waiver was set up in the answer. It is well settled that waiver is not open unless pleaded. *Nashua River Paper Co.* v. *Lindsay,* 242 Mass. 206, 208. *Niagara Fire Ins. Co.* v. *Lowell Trucking Corp.* 316 Mass. 652, 657.

*Exceptions overruled.*