DAVID H. SIEGEL & another *vs.* DIANA D. SHAW.

Norfolk. December 4, 1957. — March 7, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Contract,* For sale of real estate, Construction, Performance and breach, Waiver. *Evidence,* Extrinsic affecting writing. *Waiver. Estoppel. Pleading, Civil,* Answer. *Words,* "Free from encumbrances."

A public easement for a sewer constructed and in place across land, whether beneficial thereto or not, was an encumbrance thereon within a contract for sale and purchase of the land providing for conveyance of "a good and clear record and marketable title . . . free from encumbrances." [172]

Under the parol evidence rule, the fact that the buyer under a contract for sale and purchase of land knew at the time the contract was made of a public easement for a sewer constructed and in place across the land could not be considered in determining the effect of an unambiguous provision of the contract requiring conveyance of a title "free from encumbrances." [172]

A plan attached to and incorporated in an unambiguous contract of sale and purchase of land in a city and referred to as a part of the description thereof, showing two parallel dotted lines extending in an irregular course from a parcel of the city entirely across the land in question to and through the city's "Water Works Reservation" on the other side and showing between the lines at several places the printed words "sewer & drain" and the designation "50′ wide," and bearing a date many years before the date of the contract and the legend "compiled from office and public records" by named engineers, did not indicate any existing irremovable sewer and drainage easement so as to limit a provision of the contract requiring the seller to convey a title "free from encumbrances." [172–173]

In an action to recover a deposit made by the plaintiff as prospective purchaser under a contract for sale and purchase of land which the

defendant seller agreed to convey "free from encumbrances," a defence of waiver of an encumbrance on the land not pleaded in the answer was not open. [174]

The mere fact that at the meeting for passing papers pursuant to a contract for sale and purchase of land, which provided that the seller should convey a title "free from encumbrances" and that if he should be unable to convey such a title the time for performance should be extended thirty days and he should use reasonable efforts to remove defects in the title, the prospective buyer requested more time to arrange financing but did not specify a public easement for a sewer constructed and in place on the land as a reason for his not performing the contract did not warrant a finding that he waived the easement as an encumbrance or was estopped to refuse title and recover his deposit by reason of its existence, where it was an almost certainly irremovable defect. [174-175]

The fact that the prospective buyer under a contract for sale and purchase of land which the seller agreed to convey "free from encumbrances" was unable to tender payment at the time for passing papers did not preclude him from refusing title and recovering his deposit by reason of an irremovable easement encumbering the land. [175]

CONTRACT OR TORT. Writ in the Superior Court dated April 3, 1954.

The action was tried before *Morton, J.*

*Howard W. Cole*, for the defendant.

*Joseph Schneider,* (*Norman M. Goldberg* with him,) for the plaintiffs.

WHITTEMORE, J. The plaintiffs sued to recover their deposit made under an agreement for the purchase of land in Newton. These are the defendant's exceptions to the direction of a verdict for the plaintiffs. Taking the evidence most favorably for the defendant the issue is this: May a seller who has agreed to convey "a good and clear record and marketable title . . . free from encumbrances" require the buyers to take the premises subject to a public easement for a sewer constructed and in place, of which the buyers, from inspection of the premises, had knowledge at the time the agreement was made, and of which there is an uncertain indication, seen by the buyers, on the plan which was attached to and incorporated in the agreement, as a part of the description of the premises ("Containing 183.8± acres of land according to a plan hereto annexed . . .")?

The easement, beneficial or not, was an encumbrance (*Kellogg* v. *Ingersoll*, 2 Mass. 97, 101; *Harlow* v. *Thomas*, 15 Pick. 66, 68; *Bennett* v. *Sheinwald*, 252 Mass. 23, 28; *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 468; *Rubenstein* v. *Hershorn*, 259 Mass. 288, 294; *Queenin* v. *Blank*, 268 Mass. 432, 435; *Miller* v. *Schwinn, Inc.* 113 Fed. [2d] 748, 751 [C. A. D. C.], and cases cited) which, manifestly, the seller could not, in all probability, remove (*Gillis* v. *Bonelli-Adams Co.* 284 Mass. 176, 178–179). If the buyers might refuse title because of the encumbrance, the purchase and sale agreement was, in its operative effect, only an option binding on the seller (see *Rubenstein* v. *Hershorn*, 259 Mass. 288, 295) but not on the buyers if for any reason they decided they did not wish to assume ownership. The rule may be a hard one in the particular case, as here, where the jury could have found that the buyers chose to stand on the defect in title because they were having difficulty in raising the purchase price and had been refused an extension. But it is the well established law that the tendered deed must convey a title in accordance with the requirements of the agreement, and the knowledge of the buyers in respect of existing encumbrances is irrelevant under the parol evidence rule. *Harlow* v. *Thomas*, 15 Pick. 66, 69. *Spurr* v. *Andrew*, 6 Allen, 420, 422. *Rubenstein* v. *Hershorn*, 259 Mass. 288, 293. *Queenin* v. *Blank*, 268 Mass. 432.

The nub of the case is whether the indication on the plan of a possible sewer easement is a limitation of the undertaking to convey a title free from encumbrances. We do not think it is. On the plan are two parallel dotted lines, extending on an irregular course from a plot marked "City of Newton" entirely across the property and to and through the plot which bounds the land on the west and is marked "City of Newton Water Works Reservation." Between the lines at several places are printed the words "sewer & drain" and the designation "50' wide." It is apparent that the lines and markings are intended to show the course of a sewer or drain. The plan is indorsed "April 21, 1938. Com-

piled from office and public records by Henry F. Bryant & Son Engrs. . . . ." This indorsement, we think, is insufficient as an assertion that the shown course of the sewer and drain is the course of an existing easement, and there is nothing else on the plan which affirms this expressly or by necessary implication. In the circumstances we do not think that the reference to the plan is the equivalent of a description of the premises to be conveyed as "a parcel containing 183 ± acres and subject to an existing sewer and drainage easement." Nor do we think that the agreement may be construed as an agreement to buy the designated land, subject to whatever existing easement or rights, if any, may underlie the "sewer & drain" lines shown on the plan. There is no ambiguity in the agreement. The reference to the plan is in the usual form to make more precise the boundaries and acreage. See *Harlow* v. *Thomas*, 15 Pick. 66, 68. It does not operate to cloud the meaning of the words "good and clear record and marketable title . . . free from encumbrances." In construing the unambiguous written instrument, we must exclude our knowledge that, as the jury could have found, the buyers knew about the easement and the constructed sewer, and were counting on it as an attractive aspect of the land for development for house lots. Doing so, and confining our view to the written agreement, the greatest effect of the plan is to show, within the instrument, a possible encumbrance which, for all that appeared, could be removed, and which the buyers were entitled to have removed under the stated terms of the bargain. Indeed, for all that appeared in the instrument, the indication could have been of a 1938 proposal for a sewer line which was never in fact carried forward into an easement or a constructed sewer.

We intend no suggestion as to the effect of a more precise reference to an existing easement on an incorporated plan.

The existence of the sewer easement was shown on the property by manholes. The jury could have found that the plaintiffs or one of them saw the manholes. This does not affect the result. *Queenin* v. *Blank*, 268 Mass. 432, 435–436.

The written agreement controls. We do not think we should change the rules for construction of written instruments, especially those affecting the transfer of real estate, to try to fit the equities of a particular case. The importance and effect of an agreement to convey "free from encumbrances" are well understood.

The affirmative defence of waiver was not pleaded and hence is not open (*Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 208; *Fairview Auditorium Corp.* v. *Fairview Auditorium Club, Inc.* 331 Mass. 594, 596) but as the parties have argued the issue we discuss it. We see nothing in the facts as stated in the bill of exceptions to permit a finding of the elements of a waiver, by way either of estoppel or of a new agreement for good consideration. *Rubenstein* v. *Hershorn*, 259 Mass. 288, 293. *Swan* v. *Drury*, 22 Pick. 485, 489–490. *Mead* v. *Fox*, 6 Cush. 199, 202. *Downey* v. *Levenson*, 247 Mass. 358, 363–364.

The defendant relies on the evidence from which the jury could have found that at the closing conference the plaintiffs, having asked for more time to arrange financing, did not, up to the hour fixed in the agreement for passing papers, specify the encumbrance as a reason for not performing. But even though there may be a basis for a ruling of waiver in a situation which is similar except that the defect can be overcome (see *Sullivan* v. *F. E. Atteaux & Co. Inc.* 284 Mass. 515, 521, where the encumbrance was an outstanding excise tax), we think such evidence does not permit a finding of waiver or the application of the rule that tender of performance is excused if the other party has shown that he will not perform (*Leigh* v. *Rule*, 331 Mass. 664, 668) where the defect, as here, is almost certainly irremovable. In *Rubenstein* v. *Hershorn*, 259 Mass. 288, at page 293, we said, "The right . . . to have . . . payment 'refunded' . . . was absolute, and could be availed of notwithstanding the fact . . . [that the buyers] saw fit to assert other or additional reasons for refusing to accept the deed. Moreover, no evidence was offered to prove that there was consideration for the relinquishment of their right or that they were estopped to

assert such right by reason of any act or word of theirs upon which . . . [the seller] had relied to his harm. *Prest* v. *Cole*, 183 Mass. 283." We think notwithstanding the case of *Marcus* v. *Clark*, 185 Mass. 409, on which the defendant relies, the statement of the *Rubenstein* case as to consideration and estoppel is applicable. And see *Vander Realty Co. Inc.* v. *Gabriel*, 334 Mass. 267, 271. In the case before us the purchase and sale agreement provided that "If the seller shall be unable to give title or to make conveyance as above stipulated . . . the seller shall use reasonable efforts to remove any defect in title . . . and the time for the performance hereof shall be extended thirty days. In case at the expiration of the extended time the seller shall have used reasonable efforts and shall have failed so to remove and restore, any payment made under this agreement shall be forthwith refunded . . . ." Manifestly if the defect had been removable the failure to specify it would have affected the plaintiffs' right to recover the deposit but in the circumstances we think failure to mention the encumbrance does not affect the result.

It is not necessary to consider an issue which was not argued, that is the possible effect of the evidence of the construction of a water line within the easement which was held by the city of Newton under a taking "for the purpose of laying, making, repairing and maintaining . . . [a] main drain and common sewer."

That the jury could have found that the plaintiffs were unable to tender payment and did not do so does not affect the result. "[T]he law does not require a party to tender performance if the other party has shown that he cannot or will not perform." *Leigh* v. *Rule*, 331 Mass. 664, 668. *Vander Realty Co. Inc.* v. *Gabriel*, 334 Mass. 267, 271.

We have considered all the points made in the able briefs of both parties. The order must be

*Exceptions overruled.*