*Western District*

### JAMES E. KELLIHER
### v.
### HOWARD S. TENDALL ET AL

(August 22, 1961 — September 5, 1961)

*Present:* Riley, P. J., Hobson & Garvey, JJ.

Case tried to *McCooey, J.*, in the Central District Court of Worcester. No. 120171.

*Hobson, J.* This is an action of contract in which the plaintiff seeks to recover a five hundred dollar deposit made to the defendants in connection with an agreement by the plaintiff to purchase certain real estate from the defendants. The defendants filed a declaration in set-off alleging breach and repudiation by the plaintiff of his agreement to purchase. In the action to recover the five hundred dollar deposit the trial justice made a finding for the defendants and a finding in favor of the defendants as plaintiffs in set-off in the amount of $150.00.

At the trial neither party made any requests for rulings or special findings of fact nor were any requests for reports made as to admission or exclusion of evidence.

The plaintiff seasonably filed a motion for a new trial which, after hearing, was denied by the trial justice.

At the hearing on the motion for a new trial plaintiff filed written requests for special findings of fact and also filed written requests for rulings of law.

Our Supreme Court has said in the

case of *Hallett v. Jordan Marsh Company,* 240 Mass. 110, 112, "A question of law which might have been saved at the trial on the merits cannot be raised as a matter of right on a motion for a new trial." It has also said in *Ryan v. Hickey,* 240 Mass. 46, 48, "The judge may as a matter of discretion permit to be raised on a motion for a new trial questions of law which might also have been raised at the trial on the merits. But this cannot be done by a party as a matter of right."

In the instant case the trial justice permitted questions of law which might also have been raised at the trial on the merits to be raised at the hearing on the motion for a new trial. We do not, however, favor this practice.

Pertinent findings of the trial justice made after the hearing on the motion for a new trial included the following:

That the plaintiff and defendants entered into a written agreement wherein the plaintiff agreed to purchase and the defendants to sell certain real estate for the purchase price of twelve thousand six hundred and fifty dollars ($12,650.00);

That said agreement contained the following provision:

"It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or

otherwise unless the seller has delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $12,650.00, which statement the seller hereby agrees to deliver to the purchaser promptly after such appraised value statement is made available to the seller."

That after signing the agreement the plaintiff several times stated to the defendants that due to family illness he could not and would not purchase the property;

That the plaintiff refused to co-operate or to comply with banking requisites essential and indispensable to the processing and the procuring of the written statement set forth in the sales agreement;

That on June 27, 1960, three days prior to June 30, 1960, the date for performance under the terms of the agreement, the plaintiff informed the defendants that he would not go to the bank to sign any papers whatsoever because he had no intention of buying the realty;

That the defendants never returned the five hundred dollar deposit to the plaintiff.

The trial justice ruled that the conduct of the plaintiff above described excused the defendants from tendering the written statement set forth in the sales agreement and that the plaintiff could not recover the deposit.

The questions for decision arise out of the trial justice's denial in each case of

certain of the plaintiff's requests for rulings. In substance these requests were to the effect that because the defendants never delivered to the plaintiff the written statement set forth in the sales agreement a finding in favor of the plaintiff was required as a matter of law, and that a finding in favor of the plaintiff as defendant in set-off was also required as a matter of law. In view of the findings, the requests, many of which it is assumed were correct as abstract provisions of law, in our opinion were inapplicable and were rightly denied.

We believe it to be a matter of common knowledge that where a FHA mortgage is to be obtained it is required by Federal law that the sales contract or purchase agreement shall contain a clause like the one in the instant case called a "release clause". It is evident that its purpose is to release the buyer from all obligations under the sales contract if the appraisal value of the property is less than the purchase price agreed upon, if he desires to be released therefrom. We do not believe that it was intended that this statement required in the contract should be used as a shield in cases where a buyer refuses to do what he should do, to have the appraisal made, and where he has announced prior to the date for the performance of the contract that under no circumstances will he perform his part of the agreement and purchase the property.

In view of the plaintiff's unqualified repu-

diation of the contract, to require the defendants to procure, if they could procure, the written statement as to the appraisal value in order to put the plaintiff in default, would compel the defendants to perform an idle, meaningless ceremony. *Schilling v. Levin,* 328 Mass. 2. The Supreme Court has said in *Leigh v. Rule,* 331 Mass. 664, in *Vander Realty Company, Inc. v. Gabviel,* 334 Mass. 26, and in *Siegel v. Shaw,* 337 Mass. 170, that "the law does not require a party to tender performance if the other party has shown that he cannot or will not perform."

On the facts the trial justice was correct in ruling that the defendants were not obliged to tender performance of that part of the contract relative to the furnishing of the written statement of the appraised value, and that the plaintiff, having repudiated the contract, was not entitled to the return of his deposit.

With reference to the action of the trial justice in finding for the defendants in the declaration in set-off the amount of $150., the plaintiff did not see fit to argue his claim that there was prejudicial error either in his brief or in his oral argument. Therefore, we are not called upon to determine whether or not there was any prejudicial error in this action of the trial justice, treating any claim on the part of the plaintiff that there was such error as having been waived.

We find no prejudicial error on the part of the trial justice in denying the motion for a new trial and in his rulings and findings for

the defendants, and the report should therefore be dismissed.

Richard Sarapas of Worcester, for the Plaintiff.
John W. Hanlon of Worcester, for the Defendant.