C. PETER R. GOSSELS *vs.* ANTHONY C. BELLUSCHI (and a companion case[1]). May 24, 1976. The buyer's motions for summary judgment

---

[1] Anthony C. Belluschi *vs.* C. Peter R. Gossels.

should not have been allowed because the several affidavits and the seller's answers to the buyer's notices to admit facts, taken with the pleadings, fail to establish the absence of a genuine issue of material fact in either case. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-554 (1976). The 1954 grant to the utility companies of certain rights in the ways of the subdivision and in the lots abutting those ways unquestionably constitutes an encumbrance on the subject lot (see *Schon* v. *Odd Fellows Bldg. Assn.* 255 Mass. 465, 468 [1926]), whether beneficial to the lot or not (*Siegel* v. *Shaw,* 337 Mass. 170, 172 [1958], and cases cited), and whether actually in use or not (*Les* v. *Alibozek,* 269 Mass. 153, 157 [1929]; *Desotell* v. *Szczygiel,* 338 Mass. 153, 158-159 [1958]). Unlike the sewer easement in *Siegel* v. *Shaw,* however, there is nothing in this record which establishes that the utility easement "is almost certainly irremovable" (337 Mass. at 174); the utility companies may well have established their distribution lines without using the lot in question. (We note that the easement in question does not cover the two service lines to the house, which may depend on a license rather than an easement.) The seller was not obliged to be able to convey title free from encumbrances before the time for passing papers arrived (*Kares* v. *Covell,* 180 Mass. 206, 209 [1902]; *Smith* v. *Greene,* 197 Mass. 16, 18 [1907]), and the buyer's earlier repudiation relieved the seller of the obligation actually to discharge encumbrances as a condition of suing for breach of the contract (*Schilling* v. *Levin,* 328 Mass. 2, 5 [1951]). The cases must stand for trial on the question whether the encumbrance was removable and, if so, on the seller's damages.

*Judgments reversed.*

*David Lee Turner* for the plaintiff.
*Eric W. Wodlinger* for the defendant.