Jodrey, J.
This is an action in contract in which the plaintiff-sellers seek to recover $35,000.00 in damages for the defendant’s breach of his agreement to purchase the plaintiffs’ property at 107 Appleton Street, Arlington, Massachusetts.
The report discloses that on July 7, 1983 the plaintiffs negotiated and accepted terms of a real estate purchase offer made by the defendant. The agreement executed by the parties called for the subsequent signature of a formal purchase and sale contract; and provided that the plaintiffs would retain defendant’s $1,000.00 deposit “without recourse to either party” if the defendant failed to fulfill his purchase obligations. The agreement contained additional, ambiguous provisions pertaining to the status of the plaintiffs’ Appleton Street tenants and to certain lead paint testing required by the defendants.
The time for the execution of a formal purchase and sale agreement by the parties expired on July 12, 1983. Three days later on July 15, 1983, the defendant informed the plaintiff that he would not purchase the property in question. On July 21,1983, the plaintiffs instituted the present suit against the defendant.
Upon receipt of the defendant’s letter of July 15, 1983, the plaintiffs immediately remarketed their property for sale. On August 3, 1983, the plaintiffs accepted the purchase offer of one Kenneth Floyd who became the ultimate buyer of the property. The Floyd offer was for the same purchase price originally agreed to by the plaintiffs and defendant, and specified a conveyance date of September 30,1983 which was only fifteen days later than the conveyance date agreed to by the defendant. On August 4, 1983, the *147 plaintiffs received a letter from the defendant requesting the return of his $1,000.00 deposit under a financing contingency clause of the parties’July 7, 1983 agreement. Mortgage rejection letters from two lending institutions were attached to this letter.
The trial court found that the defendant had made no reasonable efforts to secure financing, and that the mortgage rejection letters were fraudulently obtained by the defendant for the sole purpose of securing the return of his $1,000.00 deposit. The court further ruled that the defendant had intentionally breached the parties July 7,1983 agreement by his letter of August 4,1983. The trial court awarded damages in the sum of $3,500.00 for loss of rental income from the plaintiffs’ eviction of their tenants; and for the plaintiffs’ moving and storage expenses; temporary living expenses and attorneys fees. The defendant thereafter submitted motions for a new trial and for amendment of judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52 and 59 which were based, inter alia, upon (1) an alleged error in the court’s subsidiary finding that the defendant breached the parties’ agreement by his letter of August 4,1983 and (2) upon the insufficiency of the evidence to support the court’s award of damages. The trial court denied these motions.
The defendant is before this Division on a charge of error in the trial court’s denial of his post-judgment motions and in the court’s disposition of various requests for rulings submitted by both parties at the close of trial.
1. The defendant’s letter of July 15, 1983 constituted a repudiation of a binding, contractual obligation. Given the defendant’s July breach, the trial court’s finding that the defendant breached the parties’ purchase and sale agreement at a later date, on August 4, 1983, was harmless error. See Dist./Mun. Cts. R. Civ. P., Rule 61.
The plaintiffs’ acceptance of the defendant’s purchase offer and the parties’ July 7,1983 execution of a written agreement pertaining thereto manifested the mutual assent and intention of both parties to create a contract for the conveyance of the plaintiffs’ realty. The contract provision for the future execution of a formal purchase and sale agreement was not inconsistent with the parties’ intent to be contractually bound as of July 7, 1983, and did not obviate the parties’ obligations which arose from their initial agreement. Coan v. Holbrook, 327 Mass. 221, 224 (1951); Nigro v. Conti, 319 Mass. 480, 482 (1946). The defendant’s letter of July 15, 1983 constituted an unequivocal repudiation of the parties’ binding agreement; and such breach of contract ordinarily provides a clear basis for legal suit by the disappointed seller. See, e.g., Schilling v. Levin, 328 Mass. 2, 5 (1951); Gossells v. Belluschi, 4 Mass. App. Ct. 810, 811 (1976).
2. Given the defendant’s breach of contract herein, the primary question for consideration by the trial court and, ultimately, by this Division was the extent of those damages suffered by the plaintiffs for which recovery was warranted. The standard measure of damages for a purchaser’s breach of a contract for the sale of realty is the difference between the contract price and the market value of the property at the time of the contract breach. Capaldi v. Burlwood Realty Corp., 350 Mass. 765 (1966); Widebeck v. Sullivan, 327 Mass. 429, 434 (1951); Halifax Country Club, Inc. v. Donrich Construc. Co., 1981 Mass. Ap. Div. 158, 160. The plaintiffs introduced no evidence of market value herein. Moreover, the plaintiffs sustained no actual loss on the basis of this damages formula as the ultimate buyer purchased.the realty at the same price originally agreed to by the defendant.
With respect to the plaintiffs’ claim for moving, personal property storage and temporary housing expenses, the general rule is that:
*148 recovery for breach of contract is limited to those damages which are the natural consequences of the breach or which may be reasonably deemed to have been in the contemplation of the parties when the contract was entered into.
Lapp Insulator Co. v. Boston & Maine R.R., 330 Mass. 205, 211 (1953) and cases cited. No evidence has been reported to this Division which would sustain the requisite, preliminary finding herein that the plaintiffs’ alleged incidental moving and living expenses were caused by the defendant’s contract breach. Indeed, the only logical inference to be derived from the evidence is that the defendant’s repudiation of the parties’ agreement actually afforded the plaintiffs an additional two week grace period in which to secure new housing and make alternative living arrangements. The September 30, 1983 conveyance date set by the ultimate buyer, Floyd, was two weeks later than the date specified in the parties’ July 7, 1983 agreement. The plaintiffs vacating of their home on September 30,1983 was simply a natural, forseeable consequence of the sale to Floyd. All costs which attended such vacating were clearly unrelated to the defendant’s breach.
Expenses incurred by the plaintiffs for motel accommodations and property storage were not only incidental to the plaintiffs’ move, but were also in fact causally related to nothing other than the plaintiffs’ failure to make proper preparations for the conveyance of their property. The plaintiffs actually testified at trial that they did not even begin to make plans for the vacating of their home until September 11, 1983 despite their acceptance of Floyd’s purchase offer on August 3,1983 and theirexecution of a sale agreement on August 12,1983. The incidental losses claimecfby the plaintiffs were, therefore, both unrelated to the defendant’s breach and the product of the plaintiffs’ own failure to endeavor to mitigate their damages. A party is not entitled to recover for unnecessary, avoidable losses. See, generally, Degener v. Gray Line, Inc., 331 Mass. 133, 133-134 (1954).
Finally, the report is devoid of any evidence upon which the extent of the plaintiffs’ out-of-pocket expenses could have been properly determined, and a computation of damages made.
Damages ... must be proved and not left to speculation .... a complaining party must establish his claim upon a solid foundation in fact and cannot recover when any essential element is left to conjecture, surmise or hypothesis.
Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 636 (1963) and cases cited. See also, McDonald v. Hawker, 11 Mass. App. Ct. 869, 877 (1981). The plaintiffs failed to advance any evidence to substantiate the amount or even the existence of charges imposed upon them for moving, temporary living accommodations or property storage. The plaintiffs thus forfeited any right to a recovery for these alleged expenses.
2. The trial court’s award of damages for the plaintiffs’ legal expenses must also be vacated. The general rule in this Commonwealth is that attorneys’ fees are not ordinarily recoverable as an element of damages. Greifen v. Treasurer & Rec.-Gen., 390 Mass. 674, 676 (1983); M. F. Roach Co. v. Provincetown, 355 Mass. 731, 732 (1969); Chartrand v. Riley, 354 Mass. 242, 243-244 (1968); Donaldson v. Boston Herald-Traveler Corp., 347 Mass. 274, 280-281 (1964). Exceptions to the rule that a litigant must bear his own legal expenses occur: (1) where a statute or court rule permits an award of such costs; (2) a valid contract or stipulation provides for attorneys’ fees or (3) exceptional circumstances invoke equitable or public policy considerations which warrant such recovery. Fuss v. Fuss, 372 Mass. 64, 70 (1977); Bournewood Hosp., Inc. v. *149 Mass. Comm. Against Discrim., 371 Mass. 303, 312 (1976). No statute, court rule or contract provision authorizing an award of attorneys’ fees is operative in this case. The plaintiffs’ common claim for breach of contract damages also does not qualify as an exceptional cause of action arising out of the type of limited circumstances in which attorneys’ fees have been properly awarded. See, e.g., list of cases in Commissioner of Ins. v. Massachusetts Acc. Co., 318 Mass. 238, 242-244 (1948). Compare cases listed in Harrison v. Textron, Inc., 367 Mass. 540, 554 n.11 (1975) in which recovery for legal expenses was denied, including Wachusetts Regional Sch. Dist. Comm. v. Erickson, 354 Mass. 768 (1968) (suit for conveyance of land as directed by statute); and Gallinaro v. Fitzpatrick, 359 Mass. 6, 12 (1971) (suit for specific performance' of agreement to sell real estate).
3. The sole element of damages awarded to the plaintiffs herein which was adequately supported by the reported evidence is the $600.00 loss of rental income caused by the plaintiffs’ eviction of their tenants pursuant, at least arguably, to the parties’ July 7, 1983 agreement. The defendant has not contested the court’s assessment of these damages; and a conflict in the evidence as to the validity of the plaintiffs’ claim rendered the issue one of fact for the trial court.
The sufficiency of the evidence to support the plaintiffs’ claim of loss is not, however, tantamount in this case to a finding that the plaintiffs’ are entitled to recover damages for such loss. A recovery by the plaintiffs herein of $600.00 in actual damages would result in an improper windfall which was clearly not anticipated by the parties upon the execution of their July 7,1983 agreement. The plaintiffs continue to hold the $1,000.00 deposit paid by the defendant which was to be retained upon the defendant’s default “without recourse to either party.” The utilization of the “without recourse” language in the parties’ agreement strongly suggests that the $1,000.00 deposit provision constituted a liquidated damages clause. Liquidated damages represent the “sum fixed as an estimate made by the parties at the time when the contract is entered into, of the extent of the injury which a breach of the contract will cause.” Factory Realty Corp. v. Corbin-Holmes Shoe Co., 312 Mass. 325, 331 (1942). It is well established that parties may properly agree to restrict to a specific figure those damages which may be recovered in the event of breach. See Daley v. J. F. White Contracting Co., 347 Mass. 285, 288 (1964); Putnam Mach. Co. v. Mustakangas, 236 Mass. 376, 378 (1920); A & H Finance Corp. v. Goldman, 293 Mass. 113, 116-117 (1936); Park, Real Estate Law, §896 (28A M.P.S. (1981)).
As the contract clause permitting the plaintiffs to retain the defendant’s $1,000.00 pre-closing deposit “without recourse to either party” in the event of default constituted a provision for liquidated damages, see Warner v. Wilkey, 2 Mass. App. Ct. 798, 798-799 (1974), the parties’ intent and agreement to so limit the liability of the defendant must be given effect. The defendant has not argued that the $1,000.00 sum in question is so unreasonable or grossly disproportionate to the plaintiffs’ actual damages that the deposit provision should be deemed an unenforceable penalty. See Begelfer v. Najarian, 381 Mass. 177, 186 (1980); Security Safety Corp. v. Kuznicki, 350 Mass. 157, 158 (1966); A-Z Servicenter Inc. v. Segall,, 334 Mass. 672, 675 (1956). The trial court properly found that the defendant was not entitled to a return of the deposit under the financing contingency clause of the parties’ agreement, see Sechrest v. Safiol, 383 Mass. 568 (1981); Stabile v. McCarthy, 336 Mass. 399 (1957), and accordingly ruled that the plaintiffs were entitled to retain the deposit in question. Pursuant to the parties’ liquidated damages agreement, *150 we hold that the $1,000.00 sum constitute the sole compensation to which the plaintiffs were entitled upon the defendant’s contract breach. No additional award of damages should have been granted herein.
4. On the basis of the foregoing, the trial court’s judgment for the plaintiffs herein is vacated. Judgment is to be entered for the plaintiffs in the sum of $1,000.00. A further entry is to be made, in view of the plaintiffs’ retention of the $1,000.00 deposit paid by the defendant, of “Judgment Satisfied In Full.”