Teahan, J.
This case arises out of a commercial lease in a strip mall in Worcester which began March 15, 1986 and extended to March 16, 1989. The lease contained an indemnity clause providing that default on rent extending for more than ten days after notice by the lessor entitled the lessor to take possession, declare the lease ended and requiring the lessee to indemnify the lessor against rent loss for the balance of the original term of the lease. The defendant ceased rent payment on March 15, 1987 and made an additional payment of $1644.00 thereafter. A written notice captioned “Notice to Vacate for Non-Payment of Lease” was served on or about July 7, 1987. That notice of default on rent gave the lessee fourteen days to quit notwithstanding the lease provision allowing that period to be foreshortened to ten days. The lease indemnity provision was found by the trial judge to be enforceable under the fourteen-day notice.
Summary process was commenced and default judgment for possession and rent was entered in October 1987 including rent through August 15, 1987. The defendant vacated October 9, 1987. The plaintiff thereupon listed the premises with a real estate broker within a month. That listing continued until the end of May 1988. Ultimately, a new lease was entered into between plaintiff and White Hen Pantry Convenience Store. It required leasehold renovations by the plaintiff. An existing tenant in the mall moved into the defendant's space and renovations commenced on that tenant’s former space for the new lessee. White Hen commenced its tenancy in the renovated area in October 1988 with rent commencing the 15th of that month. Findings of fact include rent loss of $24,396.25 occasioned by the defendant’s rent default. A further finding was made that the plaintiff made “diligent efforts” to relet the premises and mitigate damages against defendant. By the terms of the “notice to vacate for non-payment of lease” the trial judge found the rent indemnity clause fully “operable.” Legal fees were awarded pursuant to indemnity provision in the amount of $17,120.00 and costs of $51.17. Total judgment of rent, attorney’s fees and costs of $42,027.42 is appealed by the defendant.
The defendant’s arguments on appeal are considered seriatim:
I. THE LEGAL SIGNIFICANCE OF THE “NOTICE TO VACATE”
The nub of the defendant’s appeal is that the written provisions of the lease required to invoke the indemnity provision were not followed and that the Court’s rulings on requests for rulings of law were inconsistent with facts found.
Three requests captioned Rulings of Law were filed relating to this issue:
Request 1.
1. In an action to recover rent for the term of a lease following the ten *58 ant’s eviction and vacation of the premises in which the lease has an indemnity clause requiring a ten day notice of default, where the landlord has gave only a 14 day notice to quit the indemnity clause is rendered inoperative. Priestly v. Sharafs, 4 Mass. App. Ct. 218, 221-222 (1976).
Court’s Action: 1) “DENIED AS NOT APPLICABLE TO FACTS FOUND.”
Request 2.
2. The purpose of the indemnity clause in the lease in the case at bar was to give the tenant ‘an opportunity to remove the default and there avoid termination...’ Priestly v. Sharafs, Inc. at 222. See also Milana Corp. v. Piece O'Pizza of America Corp., 1 Mass. App. Ct. 839 (1973). Contrast New England Structures, Inc. v. Loranger, 354 Mass. 62, 67-69 (1986).
Court’s Action: 2) “DENIED AS NOT APPLICABLE TO FACTS FOUND.”
Request 4.
4. Where an indemnity clause under a lease is rendered inoperative by failure to give proper notice, the Plaintiff landlord has no right to recover rent or use and occupancy for the period subsequent to the tenant’s vacating the premises. Priestly v. Sharafs, Inc., infra.; Taylan Realty Co., Inc. v. Student Book Exchange, Inc., 354 Mass. 777, 778 (1968).
Court’s Action: 4) “DENIED AS NOT APPLICABLE TO FACTS FOUND.”
The Report, subsequent to allowance, was corrected by assented motion to include inadvertently omitted language from the applicable lease provision (hereinafter “Amended Report”). From the Amended Report it is clear that the lessor in its written notice gave the lessee 14 days rather than the 10 provided in the lease to cure the existing default.[2]
The applicable lease paragraph provides, inter alia that while the default continues, the lessor shall have the right:
to re-enter and take complete possession of the premises, to declare the terms of this lease ended, and to remove the Lessee’s effects, without prejudice to any remedies which might otherwise be used for arrears of rent or other default. The Lessee shall indemnity the Lessor against all loss of rent and other payment which the Lessor may incur by reason of such termination during the residue of the term. If the Lessee shall default, after reasonable notice thereof in the observance or performance of any terms, conditions or covenants on the Lessee’s part... the Lessor... may remedy such default for the account and at the expense of the Lessee.
On its terms, the lease required reasonable notice of default. The notice as given quantified the exact amount due as $5,411.83. That notice dated July 7,1987 included rent default extending back three months and gave lessee fourteen days to quit. No issue of attempted curing of default exists upon the facts as presented. The notice on its face represents a reasonable notification in time and reference to the basis for default in addition to giving 4 days more notice than required. It is noted that not only is there no issue of attempted cure but that the summary process proceeded to default judgment.
The Court’s action on request for ruling #1 was on a request of mixed fact and *59 law. In written findings of fact the judge had clearly found the written notice to vacate was sufficient notice to invoke the indemnity provision under the applicable terms of the lease. Denial of the request as not applicable to facts found was consistent with the facts. Use of the term “notice to quit” does not change the factual/ legal significance attached. The facts underlying Priestly v. Sharafs, Inc., 4 Mass. App. Ct. 218 (1976), are inconsistent with those found by the Court here. Unlike this case no notice of default was given to the lessee against whom an indemnity provision (substantially similar to that in the instant lease) was sought to be enforced. The Court’s finding in request #1 is consistent with facts found and the facts found include a valid notice of default on rent more extensive temporally than that required by the lease was given. The ruling on request #1 was appropriate.
As to request for ruling #2 which recites a statement of law applicable to a set of facts consistent with those found by the Court, the Court’s finding of “denied as not applicable to the facts found” should more properly have been endorsed “allowed, but not applicable to facts found.” While the purpose of the indemnity clause was to give the lessee the opportunity to cure or remove the default as a matter of fact, the lessee failed to do so after receipt of notice of default on rent and the issue encompassed by this request represents a fact not material to the ultimate conclusion at trial. Barnes v. Berkshire Railway, 281 Mass. 47, 50 (1932). Such an “indecisive” portion of the evidence does not represent a proper request for ruling of law and the Court is not required to rule upon such a request. Stella v. Curtis, 348 Mass. 458, 462 (1964).
The Courf s ruling on request for ruling #4 was also “denied as not applicable to facts found.” It, too, should have been endorsed “allowed, but not applicable to facts found.” Clearly, the Court in its detailed written findings found proper notice under the lease was given. The request as written assumes that proper notice has not been given, a mixed concept of fact and law inapposite to the facts found under the instant lease. The denial of a ruling which should have been allowed, but qualified, does not affect the integrity of the facts found on this issue, and the factual findings are supported by the lease.
II. THE MITIGATION OF DAMAGES ISSUE
The defendant argues that the plaintiff failed to mitigate damages on the facts found by the court. Request for ruling of law #7 seeks a conclusion of law from a series of facts assumed within the request. To that request the judge responded “Denied as not applicable to facts found.”
The only reviewable issue in this area is whether under facts found the judge erred as a matter of law in finding “plaintiff made diligent efforts to relet the premises, and ... made reasonable efforts to fulfill its duty to mitigate any damages caused by Defendant.” (Court’s Finding of Facts, para. #19, Amended Report, Exhibit B). At issue is whether the plaintiff by requesting a higher rent than that paid by the defendant failed to mitigate defendant’s damages as a matter of law. Clearly, the trial judge felt the plaintiff did not act unreasonably. We are aware of no case which advances the defendant’s argument on these facts. The area is one of mixed fact and law requiring a determination by the factfinder that every reasonable effort was made to lessen the damages. Degener v. Gray Line, Inc., 331 Mass. 133, 134 (1954). Damages may not be recovered which upon use of reasonable precautions would have been avoidable. Burnham v. Mark IV Homes, 387 Mass. 575, 586 (1982). We are disinclined to find legal error upon these facts using the applicable standard.
The report is dismissed.

The written notice as given tracks G.L.c. 186, §11A in that it provided 14 days not 10 within which to cure the default. No right to cure as proscribed in that section was mentioned. Neither was that statutory provision referred to at all in the notice as given. The notice was typed on the stationery of the lessor’s attorney. Amended Report, Exhibit A.