AUGUSTUS C. TRIPP *vs.* EDWARD B. SMITH.

Bristol. October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract*, Construction, Concurrent conditions.

A contract in writing, dated December 15, by which the defendant agreed to buy from the plaintiff certain land with a grocery store thereon, contained, omitting unessential words, the following: "Said T. [the plaintiff] agrees to paint the store building two coats of paint and to repair the piazza roof. Said premises are to be conveyed on or before Feb. 1, 1899, by a good and sufficient warranty deed of [the plaintiff] conveying a good and clear title to the same free from all incumbrances excepting a certain mortgage of $6,000 held by a Mrs. W., and for such deed and conveyance [the defendant] is to assume $5,000 of mortgage above mentioned. $10 in cash are paid this day to bind the bargain. Full possession of the premises, free of all tenants February 1, 1899, is to be delivered to the [defendant], the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon only excepted."

The last clause was in print being a part of the printed form on which the agreement was written. On February 1, 1899, the plaintiff tendered a deed of the premises, which the defendant refused to accept because the plaintiff had not painted the building or repaired the piazza roof. *Held*, that the covenant of the plaintiff to convey the land with the repairs upon the building and the covenant of the defendant to pay for it were both to be performed at the same time and were mutually dependent covenants, and the defendant was justified in refusing to accept the deed, and pay for the property, by assuming $5,000 of the mortgage, before the repairs were made.

CONTRACT for an alleged breach of an agreement in writing to purchase from the plaintiff certain land with a grocery store thereon and personal property appertaining thereto. Writ in the Third District Court of Bristol dated February 7, 1899.

Coming by appeal to the Superior Court, the case was tried before *Lilley*, J., without a jury. The contract declared on, omitting the attesting clause and the signatures of the parties and of the attesting witnesses, was as follows:

"Agreement made this fifteenth day of December, A. D. 1898 between A. C. Tripp of New Bedford, Mass., Bristol Co., of the first part, and E. B. Smith of New Bedford, Bristol Co., Mass., of the second part. The party of the first part hereby agrees to sell, and the party of the second part to purchase, a certain estate situated corner of Linden and Ashland Streets and bounded as follows: Bounded on the west by Ashland Street, on the south by Linden Street, on the east by land now or formerly of Davis, and on the north by a line to be established running in a straight line from east to west, and being not nearer than 3 feet to the north end of the store-building. Also the said Smith agrees to buy all the stock that is in good condition at regular wholesale price; and all damaged or shop-worn goods to be thrown out. The fixtures, also one express wagon and harness, to be bought by said Smith at a price agreed on by three men, one to be selected by Smith, one by A. C. Tripp, and they two to select a third. Said Tripp agrees to paint the store building two coats of paint and to repair the piazza roof. Said premises are to be conveyed on or before Feb. first, 1899, by a good and sufficient warranty deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances excepting a certain mortgage of Six Thousand Dollars held by a Mrs. Wilbur, and for such deed and con-

veyance the party of the second part is to assume Five Thousand Dollars of mortgage above mentioned. Ten dollars in cash are paid this day to bind the bargain. Full possession of the said premises, free of all tenants February first A. D. 1899, is to be delivered to the party of the second part, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon only excepted."

The agreement was on a printed form filled in by one Morse, a real estate broker. The words "said Tripp agrees to paint the store building two coats of paint and to repair the piazza roof" were in the handwriting of Morse in the body of the instrument. The words "the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon only excepted," were a part of the printed form.

Morse testified that at a meeting between the parties before the agreement in writing was signed, there was talk between them about painting the store building and repairing the piazza roof, Tripp, Smith and the witness being present. The witness was asked what the talk was, and the defendant objected on the ground that the agreement as to painting and repairing was embodied in the written agreement declared on. The plaintiff then offered to show that at this meeting it was agreed that the painting and repairing should be done after Tripp moved out of the store on February 1, 1899; and that a similar talk took place after the instrument was signed. The talk objected to was then admitted and the defendant excepted.

The plaintiff also was permitted against the defendant's objection to testify to the conversations between himself and the defendant in regard to the painting and repairs. This evidence was contradicted by the defendant's testimony.

Among the rulings asked for by the defendant was one, that the agreement was too uncertain to satisfy the statute of frauds, as it did not appear thereby where the north line of the premises to be conveyed was to run.

The judge found and ordered judgment for the plaintiff for $577, and filed with his finding the following memorandum: "Without reference to any parol evidence on the subject I

find and rule that under the terms of the agreement of Dec. 15, 1898, the plaintiff was not bound to paint the store building and repair the piazza roof before Feb. 1, 1899, and was to have a reasonable time within which to do such painting and repairing, and that such time would not have expired before Feb. 1, 1899. I find that the defendant absolutely refused to accept a deed and perform said agreement upon his part, upon the specific ground as stated by him, that the plaintiff had not then, Feb. 1, 1899, painted the building and repaired the roof, and upon no other ground. I find and rule that the defendant then waived such other objections, if any, as might have been made to the acceptance of a deed, and I find that the plaintiff was ready and willing on Feb. 1, 1899, to perform the contract on his part. All rulings requested by the defendant inconsistent with the findings and rulings above noted are refused."

The defendant alleged exceptions, which, after the resignation of *Lilley,* J., were allowed by *Gaskill,* J.

*W. C. Parker,* for the defendant.

*H. M. Knowlton,* (*A. E. Perry* with him,) for the plaintiff.

KNOWLTON, J. The plaintiff agreed to sell and the defendant agreed to buy certain real estate in New Bedford, and certain goods and personal property which previously had belonged to the plaintiff. The assignment to the trustee for the benefit of creditors which the plaintiff had made a short time before, becomes immaterial in view of the findings of the court. This suit is founded on that part of the contract which relates to the real estate. In its essential features this part of the contract is like ordinary contracts for the sale of real estate, in containing mutual dependent covenants to be performed by the respective parties. It reads in part as follows: "The party of the first part hereby agrees to sell, and the party of the second part to purchase a certain estate," etc. Then follow agreements about the purchase of personal property, after which come these provisions: "Said Tripp agrees to paint the store building two coats of paint and to repair the piazza roof. Said premises are to be conveyed on or before Feb. first, 1899, by a good and sufficient warranty deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances excepting a certain mortgage of Six Thousand Dollars

held by a Mrs.   Wilbur, and for such deed and conveyance the party of the second part is to assume Five Thousand Dollars of mortgage above mentioned. Ten dollars in cash are paid this day to bind the bargain.   Full possession of the said premises, free of all tenants February first, A. D. 1899, is to be delivered to the party of the second part, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon only excepted." The most important question in the case is whether the plaintiff was bound to paint the house and repair the piazza before the defendant was bound to receive the deed and pay for the property by assuming the mortgage.   The date of the agreement was December 15, 1898, and the time that would intervene before the sale was to be consummated seems ample for doing the work.   The agreement was upon a printed blank and the words in the last sentence, above quoted, in regard to the condition of the property, were a part of the print.   Plainly they were a general provision, inserted in such agreements for the protection of the purchaser.   We do not think they are of much consequence in reference to the particular stipulation for repairs in the earlier part of the contract.

Both the order in which the stipulations appear in the writing and the substance of them, imply that the plaintiff was to do everything required to be done upon the land before the defendant could be called upon to take his deed and make his payment. Ordinarily a purchaser who is to pay the price of property expects to have it completed and put in proper condition for him before he takes it.   The statement that the defendant is to have " full possession " of the premises, and " free of all tenants," February first, adds emphasis to the other considerations, showing that the repairs called for were to be made before the estate was to be conveyed and paid for.   It implies that the property was to be ready for his use without subsequent disturbance by the grantor in making repairs.   The bill of exceptions shows that the purchase of the building was for immediate use as a grocery store; and it is not to be assumed under such a writing that after the defendant had taken possession, his business and customers were to be subject to disturbance while the store building was to receive two coats of paint.

The contract as to the real estate is a single, entire contract, and the repairs to be made by the plaintiff enter into the consideration for the price to be paid by the defendant, and are an inseparable part of this consideration.   The covenant of the plaintiff to convey the land with the repairs upon the building, and the covenant of the defendant to pay for it, were both to be performed at the same time, and they are mutually dependent covenants.   *Miner* v. *Bradley*, 22 Pick. 457.   *Howland* v. *Leach*, 11 Pick. 151, 155.   *Knight* v. *New England Worsted Co.* 2 Cush. 271, 286.   *Smith* v. *Boston & Maine Railroad*, 6 Allen, 262.   *Stewart* v. *Thayer*, 168 Mass. 519.   The ruling that under the agreement of December 15, 1898, the plaintiff was not bound to paint the store building and repair the piazza roof before February 1, 1899, and was to have a reasonable time within which to do it, which time extended beyond February first, was therefore incorrect.

This ruling, with the findings on other parts of the case, made a general finding for the plaintiff necessary.   The judge apparently disregarded the contradictory parol evidence that was admitted under exception, as to the time when the painting was to be done.   We think that this evidence was incompetent under the general rule that forbids the introduction of oral testimony to enlarge or contradict a written contract.

The view that we have taken of the contract makes it unnecessary to consider the question raised under the statute of frauds.

*Exceptions sustained.*