VANDER REALTY CO., INC. *vs.* FRANKLIN M. GABRIEL.

Norfolk.    May 8, 1956. — June 4, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* For sale of real estate, Performance and breach.

In a contract for sale and purchase of several lots of land a promise by the seller to surface a roadway and the buyer's promise to pay the balance of the purchase price over a deposit made were mutually dependent promises to be performed by the time specified in the contract for passing papers; and a failure of the seller to surface the roadway by that time, although he had not been called upon by the buyer to do so, excused a tender of performance by the buyer, prevented the operation of a provision of the contract that should he fail

"to tender the entire consideration and accept conveyance . . . [by the time for passing papers] this agreement shall terminate and the seller may retain the . . . deposit as liquidated damages," and entitled the buyer to a return of the deposit.

CONTRACT. Writ in the District Court of Southern Norfolk dated October 31, 1953.

The action was heard by *Grover*, J.

In this court the case was submitted on briefs.

*Robert C. Capasso & Joseph F. Lyons*, for the plaintiff.

*Harry J. Webb*, for the defendant.

SPALDING, J.    In this action of contract the plaintiff seeks to recover a deposit made by it under an agreement to purchase certain real estate. The judge found for the defendant. From a decision of the Appellate Division dismissing a report, the plaintiff appealed.

The judge made detailed findings of facts which, the report states, "incorporate all the evidence at the trial." The facts pertinent to this appeal are these. On January 26, 1953, the parties entered into a written agreement for the sale by the defendant and the purchase by the plaintiff of eight lots of land in the town of Sharon. The purchase price was $8,000, of which $1,000 was paid by the plaintiff to the defendant upon the execution of the agreement. The agreement called for performance on or before June 15, 1953, but it contained a provision that "Either party may have thirty days extension to cure any defect found in title." The agreement also contained the following provisions: "If seller is prevented from performing by defect [of title] not caused by him, this agreement shall terminate and the seller shall return the deposit." "If the buyer fails to tender the entire consideration and accept conveyance of all the lots prior to June 15, 1953, this agreement shall terminate and the seller may retain the sums paid as a deposit as liquidated damages. . . . The seller agrees to tar surface of roadway to town . . . [specifications]."

Neither the deed nor the consideration was tendered on or before June 15, 1953; nor was the agreement extended. "The defendant did not tar the surface of the roadway,

neither did the plaintiff call upon him to do so before the expiration of the agreement or in any manner state that it was going to void the agreement because that had not been done. As far as observing the terms of the agreement went, both parties let the matter drop. Nothing further was done by either until after the plaintiff had the title examined in 1954. Why it caused the examination to be made at that late date did not appear. Then upon report of the examiner that the title was not marketable, which was so, the plaintiff demanded return of its deposit."

The judge concluded that "Since no defect [in the title] was called to the attention of the seller within the term of the agreement, he had no opportunity to exercise the right given him to cure it." He ruled that the plaintiff having failed "to tender the entire consideration and accept conveyance of all the lots prior to June 15, 1953," the agreement was terminated and the defendant was entitled under the agreement to retain the deposit as liquidated damages.

The plaintiff presented eleven requests for rulings and all but four were allowed. Of those not allowed the only one pertinent to the questions here argued is number 4 which reads: "A renunciation of the agreement, by declarations or inconsistent conduct, before the time for performance, may give cause for treating it as rescinded, and excuse the other party from making ready for performance on his part, or relieve him of necessity of offering performance in order to enforce his rights." With respect to this request the judge stated, "No action taken as not applicable to the facts found . . . ." This was in effect a denial of the request. *Mitchell* v. *Silverstein,* 323 Mass. 239, 240–241. The request, which was taken almost word for word from the leading case of *Daniels* v. *Newton,* 114 Mass. 530, 533, is a correct statement of the law and should have been given unless it was not applicable to the facts found.

In support of the request the plaintiff argues in substance that it was not in default because on June 15, 1953, when the agreement was to be performed, the defendant was unable to perform for the reason that he had not tarred the

roadway which under the agreement he was obligated to do; that the promises in the agreement were mutual and dependent and the tarring of the roadway was a condition precedent to performance by the plaintiff; and that the failure to tar the roadway prior to the time of performance was a renunciation of the agreement by inconsistent conduct and relieved the plaintiff from the necessity of offering performance. It is apparent that the judge in failing to act on the plaintiff's fourth request and in finding for the defendant took the view that the promise to surface the roadway was not a condition precedent to the plaintiff's obligation to perform. We think that this was error and that the plaintiff was entitled to the requested ruling and to a finding in its favor on the facts found.

We are of opinion that the covenant of the plaintiff to pay the balance of the purchase price and the covenant of the defendant to tar the roadway were mutually dependent covenants and were to be performed not later than June 15, 1953. *Tripp* v. *Smith*, 180 Mass. 122. In that case the plaintiff agreed to sell and the defendant agreed to buy a store. Under the agreement the plaintiff was to paint the store and to repair the roof of the piazza. When the time for performance arrived the defendant refused to accept a deed from the plaintiff because the plaintiff had not painted and repaired the store as he had agreed to do. The plaintiff sued for breach of contract. The trial judge found for the plaintiff and ruled that the plaintiff was not bound to paint and repair the store prior to the time of performance but could perform within a reasonable time thereafter. The defendant's exception to this ruling was sustained, the court holding that the covenants were mutually dependent and were both to be performed not later than the time stipulated for passing papers. We see no difference of substance between the covenant to paint and repair in that case and the covenant to tar the roadway in the case at bar. See annotations in 67 A. L. R. 809, 102 A. L. R. 852, 868, and 104 A. L. R. 1062.

The general rule is that when performance under a con-

tract is concurrent one party cannot put the other in default unless he is ready, able, and willing to perform and has manifested this by some offer of performance. *Leigh* v. *Rule*, 331 Mass. 664, 668, and authorities cited. But as we said in that case "the law does not require a party to tender performance if the other party has shown that he cannot or will not perform" (page 668). Here at the time for performance the defendant had demonstrated his inability to perform by not having tarred the roadway as he had agreed to. No contention is made that the plaintiff waived this provision; and it did not lose the right to have it performed by not calling upon the defendant to do so prior to the date of performance. The plaintiff in these circumstances was not obliged to tender performance (*Leonard* v. *Wheeler*, 261 Mass. 130; *Leigh* v. *Rule*, 331 Mass. 664, 669), and was entitled to rescind the contract and to the return of its deposit.

> *Order dismissing report reversed.*
> *Finding for the defendant vacated.*
> *Finding to be entered for the plaintiff in the amount of $1,000 with interest from the appropriate date.*