FRED P. BRUNI & another *vs.* AMERICO G. ANDRE & another.

Hampden.    September 23, 1959. — November 6, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Frauds, Statute of.    Contract,* For sale of real estate, Performance and
breach, Implied contract.

An action at law for breach of an oral contract for a conveyance of land
by the defendant to the plaintiff could not be maintained where the
defendant pleaded the statute of frauds; part performance by the
plaintiff did not avail him at law. [710]

Recovery in an action of expenditures allegedly made by the plaintiff
in reliance on an oral contract, never performed, for a conveyance of
land by the defendant to him was precluded by want of proof by the
plaintiff that he ever demanded a conveyance or tendered the purchase
price, or that the defendant, even if he "preferred to wait" until the
title was cleared of a supposed defect, would not have conveyed the
land upon a proper demand and tender or ever repudiated the contract,
or that the nonperformance of the contract was due to fault of the
defendant and not of the plaintiff; the defendant's pleading of and
reliance upon the statute of frauds in defence to a claim also apparently
asserted in the declaration for breach of the contract did not avail the
plaintiff respecting his claim for such expenditures. [711–712]

CONTRACT.    Writ in the Superior Court dated July 26,
1956.

The action was tried before *Macaulay,* J.

*Edward C. Peck, Jr., (Jacob J. Butler* with him,) for the
defendants.

*Earl H. Wright,* for the plaintiffs.

WHITTEMORE, J.   In this action of contract the defendants
excepted to the denial of a motion for directed verdicts under
three counts.   Count 1 alleged the defendants' refusal to
convey land on Green Street in Ludlow in accordance with
their agreement, that the plaintiffs had made expenditures
in improving the premises and in securing a survey and lay-
out, and that the plaintiffs had been ready, able and willing

to perform and had demanded a deed. Count 4 alleged
that "as part of the negotiations . . . the plaintiffs agreed
to cut, grade and install water in Green Street" for the
mutual benefit of the parties, that the gravel for the road
"in accordance with the agreement" was to be taken from
the premises, and that the defendants had refused to convey
and to permit the removal of gravel so that the plaintiffs
were put to additional expense. Count 2 alleged the agree-
ment, the installation of water lines and the building of the
street, with consequent increase in the value of the premises.
It did not allege refusal to convey. The defendants denied
generally and pleaded the statute of frauds. The writ is
dated July 26, 1956.

At best for the plaintiffs the evidence showed these facts:
There was an oral agreement, resulting from conversations
in 1954, to convey land on Green Street for $6,000 when the
title was cleared of a possible defect relating to "some
twenty feet or so of the land." The plaintiff Fred Bruni
(hereinafter, the plaintiff) wanted also to buy land on the
other side of the street, from owners LaRoche, in order to
recoup the development costs, and "made it clear" to the
defendants that he would not purchase one parcel without
the other. The plaintiff expected to use gravel from the
subject land to grade Green Street. The defendant Rose
Andre in October, 1954, said to the plaintiff that she was
going to sell directly to him, told him to take care of all the
public utilities and the road, and said "I will make arrange-
ments with you, Bruni, for half of the price on the water
main, on $6,000 we agreed for the land . . . My word is
gold bond, you can depend, can't give it to you in writing
now because there's a question on the land." A deed ob-
tained from others in March, 1956, removed the question.
The title could have been deemed marketable before that
time. The plaintiff, in reliance on the agreement, acquired
the other land on Green Street, built homes thereon, cleared
Green Street, partially cleared the premises, filled and graded
Green Street, and caused to be installed a water line. In
the winter of 1955, when the plaintiff had been clearing

brush and trees on the premises for two or three days, the defendant Americo Andre asked him to stop cutting as the title had not been cleared and he "preferred to wait until the title was cleared before any work was done on the land itself." When in the spring of 1955 the plaintiff asked permission to take gravel from the parcel to fill Green Street he was told "we don't like to do nothing yet because we are waiting until we get the title clear." In the winter of 1954–1955, the plaintiff and the defendants discussed the plaintiff's taking over the defendants' house on adjacent East Street and building a new house for them in connection with which the defendants were to convey all of their land, except the house lot of the defendants, but the details were never agreed on and the matter was dropped. The plaintiffs never got the subject premises. There was evidence of the cost of building Green Street, and of the plaintiff's expenditures on the premises and, subject to· the defendants' exception, evidence that the plaintiff had paid the LaRoches one half of their payment to the city of Springfield for installing water.

The bill of exceptions states that no deed was ever tendered to the plaintiff by the defendants and no money in payment was ever tendered or paid by the plaintiff to the defendants.

1. The action on the contract failed because the statute of frauds was pleaded. Such right as the plaintiffs have at law is to recover for or because of expenditures under a repudiated agreement. *Cook* v. *Doggett*, 2 Allen, 439, 440. *Root* v. *Burt*, 118 Mass. 521, 523. *Cave* v. *Osborne*, 193 Mass. 482, 485. *DeMontague* v. *Bacharach*, 181 Mass. 256; *S. C.* 187 Mass. 128, 131. *Brown* v. *Woodbury*, 183 Mass. 279, 282. *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107. *Glazer* v. *Lerman*, 330 Mass. 673, 675. See *Long* v. *Athol*, 196 Mass. 497, 506. In the circumstances the declaration may be construed to assert such right.

The plaintiffs' reliance on part performance is fruitless as part performance is significant only in equity. *Cousbelis* v. *Alexander*, 315 Mass. 729, 732. ·

The plaintiffs do not contend that there was a separate

contract in respect of water line costs, not subject to the statute, which could support a verdict notwithstanding the failure to allege such a contract (compare *Murphy* v. *Brilliant Co.* 323 Mass. 526, 530), and we do not think the separate undertaking, if any, is reasonably to be construed as more than an agreement to deduct water line costs from the purchase price at the time of conveyance.

2. The plaintiffs in a respect to be stated have failed to prove a cause of action and we therefore do not reach the question whether any of the plaintiffs' expenditures, or any benefit to the defendants therefrom, would be recoverable. See *Cook* v. *Doggett*, 2 Allen, 439, 441 (part payment recoverable, but not the expense of cutting hay on the defendant's land); *Dowling* v. *McKenney*, 124 Mass. 478, 481 (work partly done on defendant's land pursuant to the contract could be found beneficial to him, and a basis for recovery); *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36, 39–40; *Albre Marble & Tile Co. Inc.* v. *John Bowen Co. Inc.* 338 Mass. 394, 399–401; *Draper* v. *Turner, ante,* 616, 618–619; 10 Harv. L. Rev. 451; Restatement: Contracts, § 348, comment b; Williston, Contracts (Rev. ed.) § 534; Woodward, Quasi Contracts, c. VI.

3. The plaintiffs, to recover upon the defendants' repudiation, have the same burden which would lie in an action on the contract (see *Hapgood* v. *Shaw*, 105 Mass. 276, 279–280), that is, to show that they had so acted as to accrue rights under the contract. They must show that "the transaction failed because of the defendant's fault and not by reason of the plaintiff's own neglect." *Cave* v. *Osborne*, 193 Mass. 482, 485. L. R. A. 1916D, 483. The failure of the plaintiffs to do this defeats the action.

The plaintiffs were entitled to a deed only upon payment of the purchase price. *Pead* v. *Trull*, 173 Mass. 450, 451–452. *Cook* v. *Doggett*, 2 Allen, 439, 440. *Beck* v. *Doore*, 319 Mass. 707, 710. See *Leigh* v. *Rule*, 331 Mass. 664, 668. There was no evidence of the ability of the plaintiffs to perform or of tender by them, or of any repudiation by the defendants prior to action. In the circumstances some

evidence of demand by the plaintiffs for conveyance and of refusal was necessary to invoke the rule that tender is excused if the other party has shown that he cannot or will not perform. *Cook* v. *Doggett*, 2 Allen, 439, 440. See *Leigh* v. *Rule*, 331 Mass. 664, 668; *Vander Realty Co. Inc.* v. *Gabriel*, 334 Mass. 267, 271; *Siegel* v. *Shaw*, 337 Mass. 170, 174. There is no basis for an inference that the defendants undertook to inform the plaintiffs when the title was cleared of the assumed defect. Compare *Harriman* v. *Tyndale*, 184 Mass. 534, 539.

The defendants' reliance on the statute of frauds after the action was brought, and a declaration filed which could be construed to assert rights under the contract, does not avail the plaintiffs. It does not establish the ability of the plaintiffs to perform seasonably or that, on seasonable demand for deed and a tender, the defendants would not have conveyed.

The declaration and the evidence do not bring the plaintiffs within the cases of *King* v. *Welcome*, 5 Gray, 41, and *Freeman* v. *Foss*, 145 Mass. 361. The plaintiffs' right must be predicated upon nonperformance of the contract. An allegation of nonperformance must be implied in count 2, if it is to be construed as stating any cause, for there is no right to recover the consideration given for a parol undertaking to convey where the defendant is willing to perform. *Coughlin* v. *Knowles*, 7 Met. 57. *Riley* v. *Williams*, 123 Mass. 506. *Twomey* v. *Crowley*, 137 Mass. 184. In the *King* case the plaintiff declared in quantum meruit for work and labor for the defendant, and the defendant, admitting the performance of the labor and its value, set up a contract to work for a longer period, which was within the statute, and that it was not complied with by the plaintiff. In distinguishing *Coughlin* v. *Knowles, supra,* the court said that there the action failed because there was no failure of the agreed upon consideration and no basis for implying the promise necessary for the action, while in the *King* case it was the *defence* which failed. Whatever the validity of the distinction (see Corbin, Contracts, § 332, p. 177; § 334, p. 183; Keener, Quasi-Contracts, pp. 234–238; Woodward,

Quasi Contracts, pp. 154–156; 10 Harv. L. Rev. 451; 21 Harv. L. Rev. 544–545; L. R. A. 1916D, 899), the cause of action in this case has failed on the ground stated.

4. The motion for directed verdicts should have been allowed. The other exceptions need not be considered.

*Exceptions sustained.*

*Judgment for the defendants.*