## Northern District
### No. 5722
### HOLLIS L. BROWN
#### v.
### STONEHAM BUILDING CORPORATION
September 6, 1963

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Gilmore, J.* in the Fourth District Court of Eastern Middlesex. No. 1220 of 1958.

*Parker, J.* This is an action of contract to recover a $1,000.00 deposit under a real estate agreement. The agreement is dated 13 January 1958. Title was to pass 31 July 1958. The plaintiff agreed to buy and the defendant to sell a lot of land with a single family frame dwelling to be built thereon in Stoneham. The agreement contained the following: *"The Seller guarantees a dry base-*

*ment for one year"*. The parties agreed in open court that "one year" meant the first year after title passed, that the plaintiff had paid the $1,000.00 as called for by the agreement, and that on the day title was to pass, the plaintiff failed to accept the deed, although the defendant was ready to offer the deed to the premises.

The defendant's answer was a general denial and also alleges that on 30 July 1958, the basement in the house was dry, and that the plaintiff broke the agreement of sale and so the defendant is entitled to retain the deposit as liquidated damages.

*At the trial there was evidence which would show there* was water on the basement floor on 31 July 1958 and prior thereto, and the plaintiff testified that there was water on the basement floor on the 30th and 31st of July 1958.

The plaintiff filed requests for rulings of which ##1, 2, 5, 7, 8 and 9 were denied by the court on the grounds that they had become immaterial because of the court's findings. The court also ruled as follows:

> "I find that the one year guarantee was not to take effect until title passed. The title did not pass because the plaintiff breached the contract on the date it was to take effect by refusing to accept the deed."

The court found for the defendant.

The plaintiff claims to be aggrieved by the denials of his said requests and by the above rulings of law by the court.

The plaintiff's requests so denied are as follows:

"1. Upon all the evidence the plaintiff is entitled to recover.

2. The preponderance of the evidence shows that on July 31, 1958 the basement in the premises in question was wet.

5. The plaintiff was excused from the performance of the contract if the basement was wet on July 31, 1958.

7. The basement was wet on July 30, 1958.

8. The basement was wet on July 31, 1958.

9. That if the basement was wet on July 31, 1958, the plaintiff was excused from performance under the contract."

This is not an action on a guarantee. It is to recover back a deposit on a real estate agreement for purchase and sale when the buyer refused to tender the price on the date agreed. The basis for this refusal was the fact that there was evidence that a guarantee of a dry cellar, which was to be effective on the passing of title, could not be given because before, on the date, and one day after the date for passing of title, the cellar was not dry.

The record shows that there was evidence that there was water on the basement floor at the time for taking title, and if it is assumed that this was in fact true, the defendant's guarantee would have been broken the instant that the plaintiff took title under the agreement. Under such circumstances, could the plaintiff refuse to proceed with the agree-

ment? In other words, under these circumstances, might not the defendant's immediate violation of his guarantee excuse the plaintiff from the obligation of his contract?

■ The law does not require a party to tender performance if the other party has shown that he cannot or will not perform his obligation. *Gordon v. Southgate Park Corp.,* 341 Mass. 534; *Vender Realty Co., Inc. v. Gabriel,* 334 Mass. 267; *Leigh v. Rule,* 331 Mass. 664, 668; *Burk v. Schreiber,* 183 Mass. 35, 36; *Tripp v. Smith,* 180 Mass. 122, 126-27.

The court made no finding as to whether there was water on the basement floor on 31 July and prior thereto, and ruled that the guarantee did not take effect until title passed and that the plaintiff broke the contract by refusing to accept the deed. On the basis of this finding, the court denied the plaintiff's requests 5 and 9. The court, by its findings and these rulings has precluded the plaintiff from establishing facts which might entitle him to refuse to proceed with the agreement for purchase and sale and to secure return of his payment of $1,000.00.

The court's ruling and finding results in the possibility that the defendant may keep a deposit and compel his prospective purchaser to take the land when the defendant cannot comply with his guarantee of a dry basement at the time when the plaintiff takes title, for if the cellar was not dry at that

time, the guarantee would be broken immediately.

■ The plaintiff should not be compelled to pay or give up a deposit in order that he may sue for damages for the acts, failures or inability of another to perform, and so require a person to purchase a law suit or lose a deposit. Further, the court's refusal to consider this evidence could result in the defendant, because of his inability to perform, compelling the plaintiff to take something which he did not agree to, namely a piece of property subject to a broken covenant by the defendant.

The court was in error in not making a finding on the question as to whether the basement was dry at the time title was to have passed and in denying the plaintiff's requests ##5 and 9. There was no error in the denial of the plaintiff's request #1 (Rule 27 of the District Court) nor is there error in the denial of the plaintiff's requests ##2, 7 and 8, since these are requests for findings of fact, but the court should have determined whether the basement was wet at time the title was to pass.

As there was prejudicial error in the court's refusal to decide the question of fact as to whether the basement was dry at the time for passing of title and in the refusal of the court to pass upon the plaintiff's requests ##5 and 9, a new trial is to be ordered.

Roland Morin, of Cambridge, for the Plaintiff.
Thomas M. Leahy, of Stoneham, for the Defendant.