*Harry Butters*, pro se.

BLANCHE D. ZERNER & another[1] *vs.* BERTRAM WHITE. March 30, 1966. The judge made a finding for the defendant seller in an action of contract brought by the plaintiff buyers to recover $500 deposited by the buyers under a purchase and sale agreement, made on May 26, 1962, which fixed June 28, 1962, as the date for delivery of the deed. The agreement provided for the refund of the deposit if (1) the buyers were unable to obtain a mortgage of at least $9,500, or (2) the premises, except for ordi-

[1] Rita Dore.

nary wear and tear, were not in the same condition on June 28, 1962, as they were on May 26, 1962, unless the seller by written notice elected to extend the time to restore the premises. The judge found, in part, that after the agreement the basement apartment had been damaged and partitions had been removed, and that by June 28, 1962, some repairs had been made, and some, but not all, partitions had been restored. The seller refused, upon demand, to refund the deposit. The Appellate Division was right in vacating the finding and ordering a finding for the buyers. Although the seller testified that he was ready and willing to convey, there was no showing that he manifested his readiness by a tender of the deed or by a notice under the agreement for an extension of time to complete repairs. Since the seller himself had not offered and was not excused from offering performance, he could not put the buyers in default. *Leigh* v. *Rule,* 331 Mass. 664, 668.

*Order of Appellate Division affirmed.*

The case was submitted on briefs.

*M. Robert Queler* for the defendant.

*William E. McKendall* for the plaintiffs.