*Northern District*
No. 8024
**RICHARD J. MORWAY ET AL**
v.
**PIETRO GIANNI ET AL**

Argued: Apr. 19, 1973 - Decided: Dec. 19, 1973

See: Reporter's Note.

Case tried to *Bacigalupo, J.* in the District Court of Lawrence, No. 367 of 1972.

*Present:* Cowdrey, P.J., Forte & Flynn, JJ.

**Forte, J.** This is an action of contract to recover the sum of $500.00 paid by him as a deposit under an agreement for the purchase and sale of real property. The declaration was in two counts:

Count I is for the return of the deposit, alleging that the premises, the subject of the agreement, were not in the same condition, reasonable use and wear excepted, as they were in at the time of the execution of the agreement.

Count II is a count annexed for money had and received.

The answer was a general denial and payment. The defendant further answered, alleging that he was ready, willing and able at all times to convey the property, but that the plaintiff failed and refused to accept delivery of a deed to the same.

At the close of the evidence, the plaintiff submitted six requests for rulings, to wit:

"1. That there is sufficient evidence to warrant a finding for the plaintiff.

"2. That the evidence warrants a finding for the plaintiff.

"3. That if the Court finds that the premises to be conveyed were not in the same condition at the time they were to be conveyed as they were at the time of the execution of the purchase and sale agreement and that the change of condition was not attributed to reasonable use and wear, then the Court must find for the plaintiff.

"4. That if the Court finds the condition of the premises to be conveyed were changed from their condition at the time of the execution of the purchase and sale agreement, and such change was not attributable to wear and use of the building, the plaintiff's obligations under the purchase and sale agreement terminated and they were under no obligation to accept a conveyance of the premises.

"5. That any change in the condition of the premises not attributable to reasonable use and wear of the building terminated the plaintiffs' obligation to accept a conveyance of the premises.

"6. That where the purchase and sale agreement calls for premises to be in the same condition as they were at the time of signing the contract, reasonable use thereof excepted, any damage or partial destruction to the premises will entitle the buyer to cancellation and recover back his deposit."

The evidence was sufficient for the trial judge's finding of the following facts:

The plaintiff offered in writing to purchase property at 310 Broadway, Methuen, Massachusetts for a total purchase price of $16,900.00, which offer was accepted. The plaintiff paid a real estate broker the sum of $500.00 as a deposit and in part payment of the purchase price.

The written agreement contained *inter alia* the provision, ". . . at the time of delivery of the deed by the seller to the buyer, the property to be then in the same condition in which they are now, reasonable use and wear of the building thereon excepted.",

and the papers were to be passed on December 31, 1971. The plaintiff and defendant never met prior to the trial of this case.

Sometime in the early part of, or towards the middle of, December 1971, the plaintiff entered the property and observed there was no heat in one of the apartments; that some water pipes had frozen, some floor tiles had lifted; that ice had formed and that there was some buckling in the floor of the bathroom. The plaintiff thereupon notified the broker of the condition, and the broker, in turn, informed the defendant. The defendant then, in due course, repaired the frozen pipes, restored the tiles, and made all other necessary repairs other than fixing the buckled floor in the bathroom.

About a week prior to the closing date, the plaintiff informed the broker that he did not intend to go through with the sale. This information was conveyed by the broker to the defendant. The defendant informed the broker that he was ready, able and willing to repair the buckled floor.

The trial judge specifically found that the defendant was prepared to restore the property; that the defendant was at all times ready, able and willing to give the plaintiff a deed "in accordance with, and pursuant to, the terms of the agreement."

The trial judge found the damage caused by the freeze-up was not substantial and was easily repaired, and that the plaintiff had decided not to perform his agreement, which was conveyed to the defendant.

The six requests for rulings were allowed, but were held to be inapplicable to and inconsistent with the court's finding of fact.

The court found for the defendant.

We find no error.

The covenant of the defendant to convey real property "in the same condition, . . . reasonable use and wear . . . excepted," and the covenant of the plaintiff to pay for it were both to be performed at the same time and were mutually dependent. *Trapp* v. *Smith*, 180 Mass. 122. "The general rule is that when performance under a contract is concurrent one party cannot put the other in default when he is ready, able and willing to perform and has manifested this by some offer of performance." *Leigh* v. *Rule*, 331 Mass. 664, 668; *Hurd* v. *Cormier*, 458 Mass. 736.

Tender of performance is excused if the other party has shown that he will not perform. *Siegel* v. *Shaw*, 337 Mass. 170.

"A renunciation of the agreement by declarations or inconsistent conduct, before the time for performance, may give cause for treating it as rescinded, and excuse the other party from making ready for performance on his part, or relieve him of necessity of offering performance in order to enforce his rights." *Vander Realty Co., Inc.* v. *Gabriel*, 334 Mass. 267, 269.

The instant case is similar to and controlled by *Schilling* v. *Levin*, 328 Mass. 2, where there

was a defect, which was easily corrected and the seller was prepared and able to correct by the date of passing. But prior to the correction and the passing date, the buyer informed *via* counsel the seller that the buyer was not going to purchase. The court held the seller was not obliged to go through the empty ceremony of correcting the defect and tendering a deed in order to put the buyer in default. These facts are distinguishable from the facts reported in *Zerner* v. *White,* 350 Mass. 773, relied upon by the plaintiff.

The plaintiff, to recover on Count I, had to show his ability, readiness and willingness to carry out his part of the contract and the refusal by the defendant to carry out his part of the contract, and the defendant's refusal to return the deposit on demand. *Katzeff* v. *Goldman,* 248 Mass. 365, 367.

In order to recover on Count II, the plaintiff had to prove that the contract was rescinded and the parties agreed that the money be returned to the plaintiff. *Katzeff* v. *Goldman,* 248 Mass. 365, 367.

On the facts found, it was the plaintiff who was in default in the performance of his contract; and the defendant was ready and willing to fulfill on his obligations. In such circumstances, the defaulting purchaser is not entitled to recover his deposit which was made in part payment. *King* v. *Milliken,* 248 Mass. 460, 463.

On both counts, the plaintiff failed. **Report Dismissed.**

RALPH STEIN of Lawrence
 for Plaintiff
JOSEPH A. MIRAGLIOTTA of Lawrence
 for Defendant

46

*Western District*
No. 107
**MARY J. COTTINGHAM**
and
**GORDON B. COTTINGHAM**
**v.**