PAUL T. DEVINE & another[1] *vs.* WILLIAMS BROS., INC. OF MARSHFIELD & another.[2] June 8, 1976. After the jury returned a verdict taken under leave reserved awarding damages to the plaintiffs (Devines) on a count in a declaration which alleged breach of a written agreement for the purchase of land and the construction of a building thereon, the judge allowed the defendants' (Williams) motion for the entry of a verdict in their favor. The Devines have appealed from the allowance of that motion. The Devines agreed to buy and Williams to sell a parcel of land with a dwelling to be constructed thereon by Williams. The date for performance was January 2, 1968, and time was stated to be of the essence. The Devines made a down payment of $3,000. It was agreed that the balance of the purchase price was to be paid at the time of conveyance and that, if Williams should be unable "to give title or make conveyance" as stipulated, payments made under the agreement would be refunded. The agreement was not made subject to the Devines' obtaining a mortgage on the property. No tender was made by either party on the date established for performance, nor, contrary to the Devines' contention, was there evidence of an agreement to extend the time for performance prior to the expiration of the written agreement. Time having been of the essence and there having been no tender of performance at the appointed time, both parties were discharged. Corbin, Contracts, § 663, at 181 (1960). Williston, Contracts, § 846, at 181 (3d ed. 1962). *American Oil Co.* v. *Katsikas,* 1 Mass. App. Ct. 437, 439-440 (1973). See *Preferred Underwriters, Inc.* v. *New York, N.H. & H. R.R.* 243 Mass. 457, 463-465 (1923); *Kurland* v. *Massachusetts Amusement Corp.* 307 Mass. 131, 137-138 (1940). Cf. *Ward* v. *Doucette,* 1 Mass. App. Ct. 842 (1973). Although the Devines occupied the prem-

[1] His wife, Mary P. Devine.

[2] George E. Williams, Jr., treasurer of the corporation.

ises for twenty months commencing on January 8, 1969, with Williams' consent, no new agreement was reached by the parties. Indeed, the existence of a new agreement is not asserted. However, since the agreement terminated in accordance with its terms with neither party in default, the Devines became entitled to a refund of their deposit. See *Limpus* v. *Armstrong,* 3 Mass. App. Ct. 19, 23-24 (1975). Therefore the defendants' motion for the entry of a verdict under leave reserved should have been denied. A judgment for the plaintiffs in the sum of $3,000 is to be entered in the Superior Court.

*So ordered.*

*Brian E. Concannon* for the plaintiffs.
*Robert P. Kelly* for the defendants.