**Elliot T. Cowdrey, P.J.**
**Richard L. Banks, J.**
**James B. Tiffany, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**

**Stanley R. COHEN, Plaintiff**
**vs.**
**Nathan and Sylvia WEINER and**
**GLOVER REALTY, Inc., Defendant**

**No. 8707**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**December 22, 1981**

**Jean F. Farrington, Esq.**, counsel for plaintiff.
**Joel M. Sowalsky, Esq.**, counsel for defendant.

## OPINION

**Cowdrey, P.J.** This is an action in contract to recover a $5,000.00 deposit paid to the defendant Glover Realty, Inc. to bind a written offer by the plaintiff to purchase real estate owned by the defendants Nathan and Sylvia Weiner.

The parties filed cross-motions for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56. The trial court determined that no genuine issue of material fact existed, and entered judgment for the defendants.

The reported evidence indicates that on July 13, 1979 the plaintiff executed a written "Offer to Purchase" certain real estate owned by the defendants Weiner for a total price of $210,000.00. Pursuant to the terms of this Offer, the plaintiff made a deposit of $5,000.00 and agreed: (1) to execute a purchase and sale agreement and to make a further deposit of $15,000.00 on July 29, 1979; and (2) to take title to the property on or before November 1, 1979.

The printed Offer to Purchase form signed by the plaintiff contained a clause which rendered the Offer "subject to the Buyer and/or Broker being able to obtain bank financing in the above named terms....failing which all monies shall be returned and all parties to this contract shall be discharged without further responsibility hereunder." This clause was deleted from the agreement with the plaintiff's knowledge and prior to his signature. The agreement was in all other respects silent as to the disposition of the plaintiff's $5,000.00 deposit in the event that the sale was not closed.

The report states that the plaintiff's Offer to Purchase was accepted by the defendants; and the signature of Sylvia Weiner in fact appears on the face of the document.

On July 29, 1979, the plaintiff informed one real estate agent Murphy that he was unwilling to proceed with the purchase and sale transaction. Thereafter, on or about October 3, 1979, the defendants completed a sale of their property to a third party for a purchase price of $210,000.00.

In denying the plaintiff's summary judgment motion and in entering a finding for the defendants, the trial court ruled that:

> "a prospective purchaser who breaches the contract has no right to the return of money he has paid if the agreed seller is not in default and the deposit is forfeited when the buyer refuses to live up to the terms of the bargain. See, **Norway v. Gianni**, 53 Mass. App. Dec. 38...."

There was no error in the trial court's judgment for the defendants.

1. The defendants' acceptance of the plaintiff's offer resulted in a valid and binding contract for the sale of the defendants' realty. **Beach & Claridge Co. v. American Steam Gauge & Mfg. Co.**, 208 Mass. 121, 131 (1911). There is no basis in the reported evidence for a determination that the defendants' acceptance was in any way a qualified one, or that material terms of the parties' proposed transaction remained to be negotiated. Compare, **Glovsky v. Holly Point Estates**, 354 Mass. 94, 97 (1968); **Chapin v. Ruby**, 321 Mass. 512, 515 (1947); **Guarino v. Zyfers**, Mass. App. Ct. Adv. Sh. (1980) 512.

The binding effect of the parties' contract was in no way negated by the provision for the future execution of a purchase and sale agreement on July 29, 1979. "An accepted offer to purchase or sell does not fail to become a binding contract for sale by the mere fact that the parties manifest an intention to prepare and adopt a written purchase and sale

agreement." Park, **Real Estate Law,** c. 21, § 905, p. 377 (28 M.P.S. 1981). The contract provision requiring the execution of a future purchase and sale agreement may be deemed to cover a mere formality herein where the essential terms of the parties' transaction had been settled, and where the intent of the parties to be bound by the original agreement appears to be beyond dispute. See, **Sands v. Arruda,** 359 Mass. 591, 594 (1971); **Coan v. Holbrook,** 327 Mass. 221, 224 (1951); **Nigro v. Conti,** 319 Mass. 480, 482-483 (1946); **Bates v. Southgate,** 308 Mass. 170, 172 (1941). Compare, **Mann v. Wolff,** 352 Mass. 776 (1967). We note in this regard that neither party challenged the validity or the controlling effect of the July 13, 1971 agreement in the lower court.

2. A plaintiff who defaults in the performance of his purchase agreement, or who repudiates the same, forfeits any deposit made under such agreement and is precluded from recovering such deposit from a defendant-seller who was ready, willing and able to fulfill his obligations. **King v. Milliken,** 248 Mass. 460, 463 (1924); **LeVallee v. Cataldo,** 343 Mass. 332, 334 (1961); **Berger v. Siegel,** 329 Mass. 74, 78 (1952); **Macurdy v. Carver,** 328 Mass. 434, 435 (1952); **Beck v. Doore,** 319 Mass. 707, 710 (1946); **Chertok v. Kassabian,** 255 Mass. 265 (1926); **Hood v. McCarthy,** 37 Mass. App. Dec. 140, 145 (1967). This is not a case where the seller was unable or unwilling to convey title, see, **Livoli v. Stoneman,** 332 Mass. 473, 475-476 (1955); or where the seller failed to tender performance. See, **Devine v. Williams Bros., Inc.,** 4 Mass. App. Ct. 816 (1976); **Buckley v. Meer,** 251 Mass. 23, 26 (1925). The plaintiff herein clearly and unequivocally repudiated the parties' agreement on July 29, 1979. Under such circumstances, a tender of performance by the defendant-sellers was excused. **Bruni v. Andre,** 339 Mass. 708, 712 (1959); **Vander Realty Co. v. Gabriel,** 334 Mass. 267, 269-271 (1956); **Schilling v. Levin,** 328 Mass. 2, 5 (1951); **Morway v. Gianni,** 53 Mass. App. Dec. 38, 43 (1973).

3. The plaintiff has cited no authority which convinces us that this case should be held an exception to the prevailing rule of **King v. Milliken** cited above. We therefore affirm the trial court's ruling that the plaintiff forfeited the deposit in question by repudiating the parties' agreement. A contrary decision would indeed result in an impermissible judicial re-writing of the parties' contract by affording the plaintiff the benefit of a financing contingency clause which was specifically deleted from the parties' contract prior to its execution.

4. There being no error, the report is dismissed.

**So ordered.**
**Elliot T. Cowdrey, P.J.**
**James B. Tiffany, J.**
**Richard L. Banks, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**