**SUN PROPERTIES, L.T.D.**
vs.
**Darcy WILSON**

**No. 8727**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 15, 1982**

John E. Sutherland, Esq., counsel for the plaintiff.
Paul V. Galvani, Esq., counsel for the defendant.

## OPINION

**Banks, J.** This is an action in contract heard in the Natick Division in which the plaintiff-appellant, Sun Properties, L.T.D., sought the return of a deposit of $3,410.00 paid by it as buyer to the defendant, Darcy Wilson, as seller upon the execution of an agreement for the purchase and sale of real property. The purchase and sale agreement, executed on March 3, 1980, established a passing date of March 31, 1980. Prepared upon a form approved by the Greater Boston Real Estate Board, the agreement provided, among other things, that: time was of the essence; defendant Wilson (hereinafter the seller) was to produce a plan signed by the local planning board; and the seller was entitled to an extension of thirty days from the established passing date to meet the conditions of sale.

Following the execution of the original agreement, the date for passing was twice extended in writing by the parties; first, to April 9, 1980 and then to April 30, 1980. On April 30, 1980, the president of Sun Properties, L.T.D. (hereinafter the buyer) appeared at the Registry of Deeds for Southern Middlesex County ready, willing and able to perform. The seller did not appear, but there ensued at that time a telephone conversation between the attorneys for the two parties. In the course of that conversation, the seller requested an additional fifteen-day extension of the agreement in order to procure the necessary Planning Board signatures. The buyer asserted at trial that its attorney agreed at that time only to submit the request for an extension to his client. The seller asserted that the attorneys did at that time orally agree to an extension of time to May 15, 1980. The

trial court found as a fact that such an agreement had been made as asserted by the seller.

Thereafter, on May 6, 1980, the buyer informed the seller in writing that it was no longer interested in the purchase of the property. On May 8, 1980, the seller informed the buyer in writing that the requisite planning board signatures could not be obtained for several weeks, and that he would establish a passing date as soon as possible. The buyer then on May 13, 1980 demanded the return of the deposit which is the subject matter of this action. The seller indicated in writing to the buyer that the passing date would be June 15, 1980, referring to the clause of the agreement which permitted the seller thirty days in which to perfect title by procuring the necessary planning board approval. On June 15, 1980, neither party appeared at the Registry of Deeds; and this action was subsequently commenced.

The trial court found for the seller in this matter based upon a subsidiary finding of fact that "on April 30, 1980 the agreement was orally extended by the parties . . . that the agreement was extended for a reasonable period of time and that within a reasonable period of time the Seller was ready, willing and able to convey a marketable title to the Buyer."

1. In its decision the trial court correctly denied so much of the seller's requests for rulings as sought to raise questions of law. Parties to a written purchase and sale agreement may change the date for closing. **Flynn v. Wallace,** 359 Mass. 711, 715 (1971); **Younker v. Pacelli,** 354 Mass. 738, 741 (1968); **Johnson v. Kelly,** 342 Mass. 724, 726 (1961). An oral extension of time for performance is valid and binding even though the original agreement pertains to an interest in land and is thus subject to the Statute of Frauds. **Church of God in Christ v. Congregation Kehillath Jacob,** 370 Mass. 828, 833 (1976); **Younker v. Pacelli, supra,** at 741. The existence of an alleged oral extension and the terms thereof present a question of fact for the trial

court. **Flynn v. Wallace, supra,** at 715.

However, questions are raised by the appellant's requested ruling number 7 and its denial. Requested ruling number 7 stated:

> "When defendant is unable to perform pursuant to a purchase and sale agreement at an extended date of May 15, 1980, it is a material breach of the contract and he must return the plaintiffs' deposit."

This request was denied as "not comporting with the facts," presumably in accordance with the trial court's general subsidiary finding that the effect of the telephone conversation between the attorneys on April 30, 1980 was to extend the agreement for a "reasonable time." There would appear to be no basis in the reported evidence as to an agreement for an open-ended extension. It is true that the absence of a closing date in a contract for the sale of realty implies a reasonable time for performance. **A. B. C. Auto Parts, Inc. v. Moran,** 359 Mass. 327, 329 (1971); **Kattor v. Adams,** 323 Mass. 686, 688 (1949); **Marlowe v. O'Brien,** 321 Mass. 384, 486 (1947); **Puma v. Gordon,** Mass. App. Ct. (1980). (a) The reported evidence herein, however, is not susceptible of a persuasive, rational inference that the parties' attorneys failed to designate an extended closing date. The report unequivocally indicates that both the attorneys testified that the extension discussed during their telephone conversation of April 30, 1980 was an extension for fifteen days; that is, until May 15, 1980. As noted above, such an extension did not necessarily negate the contract provision rendering time to be of the essence of the purchase and sale agreement. **Church of God in Christ, Inc. v. Congregation Kehillath Jacob,** 3 Mass. App. Ct. 420, 424 (1975). The defendant's letter of May 13, 1980, which purported to extend the agreement from May 15, 1980 to June 15, 1980, is further evidence that the parties did not consent to an extension for an unrestricted though reasonable time. The defendant's letter failed to constitute per se such an extension which obviously would have required the consent of both parties. The entire series of correspondence by the defendant after April 30, 1980 may in fact be deemed negotiations for an extension beyond May 15, 1980 which remained unilateral and unsuccessful. See **Leigh v. Rule,** 331 Mass. 664, 667 (1954).

Thus it would appear that the trial court's denial of plaintiff's requested ruling number 7 was error, as this request was not rendered immaterial by properly drawn subsidiary findings of the trial court. The court's determination that the parties extended the closing date "for a reasonable time" cannot be sustained upon a rational view of the reported evidence.

2. As the lower court's finding for the defendant must be vacated, a question arises as to whether the plaintiff is entitled to a judgment. A buyer is ordinarily so entitled if the seller is in default of the purchase and sale agreement on the date set for performance.

The general rule in this area, however, is that "when performance under a contract is concurrent one party cannot put the other in default unless he is ready, willing and able to perform and has manifested this by some offer of performance." **Zerner v. White,** 350 Mass. 773, 774 (1966); **Vander Realty Co. v. Gabriel,** 334 Mass. 267, 270-271 (1956). The reported evidence is clear that although the plaintiff may have been ready and able to perform on May 15, 1980, it was certainly unwilling to do so and had communicated this to the defendant in a letter dated May 6, 1980.

Tender of performance is excused if the adverse party has shown that he cannot or will not perform on the specified date. **Hurd v. Cormier,** 358 Mass. 736, 739 (1971); **Schilling v. Levin,** 328 Mass. 2, 5-6 (1951); **Morway v. Gianni,** 53 Mass. App. Dec. 38, 43 (1973). The defendant, however, may not now take advantage of

(a) Mass. App. Ct. Adv. Sh. (1980) 653, 657 n.4.

the apparent contract repudiation by the plaintiff. The defendant indicated by letter dated May 8, 1980 that he would be unable to close on May 15, 1980 due to his inability to secure the planning board approval as required by the purchase and sale agreement. Had the defendant been willing and able to perform on May 15, 1980, the plaintiff's repudiation may have resulted in the defendant's rightful retention of the deposit at issue.

Where neither party performs on the specified date, however, and no extension for further time is arranged, both parties may possibly be deemed to have been discharged. See **Buckley v. Meer,** 251 Mass. 23, 26 (1925); **Devine v. Williams Bros., Inc. of Marshfield,** 4 Mass. App. Ct. 816 (1976). On this basis, the plaintiff may recover his deposit in this action.

The decision of the trial court is reversed. Judgment for the defendant-seller is to be vacated, and judgment is to enter for the plaintiff herein.

<div align="right">

**Elliott T. Cowdrey, P.J.**
**James B. Tiffany, J.**
**Richard L. Banks, J.**