Coven, J.
This is an action in contract to recover a deposit paid by the plaintiffs pursuant to their agreement to purchase real estate owned by the defendant-sellers. The plaintiffs have appealed the trial court’s entry of summary judgment for the defendants.
The material facts are undisputed. On April 15,1993, the parties executed a written agreement for the purchase and sale of land located in Wenham, Massachusetts. The plaintiffs tendered a $9,200.00 deposit on the $184,000.00 purchase price. Paragraph 21 of the purchase and sale agreement authorized the defendant-sellers to retain the deposit as liquidated damages upon the plaintiffs’ failure to fulfill their purchase obligations.
The agreement provided that the closing was to take place on May 12, 1993 “unless otherwise agreed upon” and that time was of the essence.
Paragraph 22 of the agreement was a mortgage contingency clause which permitted the plaintiffs to terminate the transaction, upon written notice to the defendant-sellers, if they were unable to obtain financing by May 3, 1993. As the plaintiffs obtained a mortgage commitment from the First Essex Savings Bank (“the Bank”), they did not exercise their paragraph 22 termination right.
When the plaintiffs had not notified them by May 3, 1993 of any inability to secure financing, the defendants mailed a signed, proposed quitclaim deed to the closing attorney on May 4,1993 to evidence their readiness to deliver title to the property.
Uncontroverted affidavits were submitted by the defendants, by their attorney, and by both the selling and listing brokers that the defendant-sellers remained at all times ready, willing and able to convey title to the property.
On May 11, 1993, the Bank notified the selling broker that plaintiff Barbara Raynor had failed to sign and forward necessary financial documents to the Bank, that the Bank had instructed Raynor to forward the documents by Federal Express and that the closing would have to be postponed until the documents were received from the plaintiffs and financing could be made available. The plaintiffs’ Bank suggested an extension to May 18,1993. The selling broker notified the defendants of the plaintiffs’ inability to proceed on the scheduled closing date, and the defendant-sellers agreed to a postponement to May 18,1993. No formal agreement for an extension of the closing date was executed.
On May 14, 1993, the plaintiffs notified the selling broker that they were no longer interested in purchasing the defendants’ property, and wished instead to buy property in Boxford, Massachusetts. The broker informed the plaintiffs that *166 they would forfeit their deposit if they did not purchase the defendants’ property. The plaintiffs proceeded that day to submit an Offer to Purchase the Boxford property with a $1,000.00 deposit thereon.
When the sale of their property was not consummated, the defendants retained the plaintiffs’ $9,200.00 purchase deposit as liquidated damages pursuant to paragraph 22 of the agreement.
The plaintiffs thereafter instituted this action to recover their deposit. The defendants counterclaimed that they were entitled to retain the deposit upon the plaintiffs’ breach of the purchase and sale agreement. Both parties filed Dist./ Mun. Cts. R. Civ. E, Rule 56 motions and, as noted, the court entered summary judgment for the defendants.
As the defendants established on the basis of undisputed material facts that the plaintiffs were unable to satisfy their burden of proving that they were entitled to a return of their purchase deposit, summary judgment was properly entered for the defendants herein. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Paragraph 22 of the parties’ agreement authorized the defendants to retain the plaintiffs’ deposit as liquidated damages upon their failure to fulfill their contractual purchase obligations. The plaintiffs do not contend that they were ready, willing and able to tender payment of the purchase price on the original closing date. The Rule 56 materials advanced by the defendants in fact established that the plaintiffs’ failure to sign and file financial documents prerequisite to mortgage financing by the Bank in fact precluded their performance on May 12,1993. The plaintiffs failed to advance any contrary evidence that they had secured alternate financing and were prepared to proceed without the Bank.
The plaintiffs instead rely on the general rule that where the parties’ contractual performance is to be concurrent, one party cannot put the other in default unless he was ready, willing and able to perform and manifested such willingness by some offer of performance. Kanavos v. Hancock Bank & Trust Co., 395 Mass. 199, 202-204 (1985); Mayer v. Boston Metropolitan Airport, Inc., 355 Mass. 344, 354-355 (1969); Zerner v. White, 350 Mass. 773, 774 (1966); Leigh v. Rule, 331 Mass. 664, 668-669 (1954). The plaintiffs averred that they never consented to an extension of the original May 12,1993 closing date, and argue that the defendants’ own refusal or failure to tender performance on that date precluded any subsequent assertion by the defendants that the plaintiffs had breached the agreement and had thereby forfeited their deposit.
The plaintiffs failed, however, to demonstrate that the defendants in any way refused to perform or exhibited conduct equivalent to such refusal. Leigh v. Rule, supra at 668; Limpus v. Armstrong, 3 Mass. App. Ct. 19, 23-24 (1974). The uncontro-verted affidavits before the motion judge established that the defendants were at all times ready, willing and able to convey title. They manifested such ability by forwarding a signed deed to the closing attorney in preparation for their contractual performance on May 12,1993.
Further, the defendants were excused from providing any additional notice of their readiness to perform and from any actual tender of performance on May 12, 1993 by conduct of the plaintiffs which was equivalent to a refusal to tender payment of the purchase price or to a declaration of their inability to do so. Vander Realty Co. v. Gabriel, 334 Mass. 267, 271 (1956); Beck v. Doore, 319 Mass. 707, 710 (1946); Karll v. Minot Light Inc., 30 Mass. App. Ct. 166, 169 (1991). The plaintiffs’ failure to complete the requisite financial documents, and the unavoidable postponement of the May 12,1993 closing which resulted from such failure, relieved the defendants of any obligation to engage in the empty exercise of appearing at the Registry of Deeds to convey title to absent purchasers whose inability to tender payment on that date had been confirmed by the purchasers’ own lending Bank.
*167 The defendants were thus entitled to retain the plaintiffs’ deposit as liquidated damages pursuant to paragraph 22 of the parties’ purchase and sale agreement. The plaintiffs have not alleged that the amount of such liquidated damages rendered paragraph 22 unenforceable as a penalty. The $9,200.00 amount of the deposit was not, in any event, so disproportionate to expenses caused by the breach of the agreement as to shock the conscience of the court. Shrenko v. Regnante, 27 Mass. App. Ct. 282, 285 (1989); Lynch v. Andrew, 20 Mass. App. Ct. 623, 627-628 (1985).
There being no error in the entry of summary judgment for the defendants in this case, the report is dismissed.