The plaintiff, Hubbardston, LLC, appeals from a summary judgment dismissing its complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and G. L. c. 93A violations.[3] We affirm.
Background. Mark Zaplin, the initial defendant, became the holder of two notes, each in the sum of $450,000, that were secured by two mortgages on two pieces of real estate in Brookline. On or about October 30, 2012, Matthew Haney, the manager of Hubbardston, LLC, contacted Zaplin to inquire whether he was interested in selling the notes and mortgages (collectively "notes and mortgages"). Haney then sent Zaplin an offer to purchase the notes and mortgages by electronic mail message (e-mail). The proposed purchase price was $1,175,000 with the closing date of November 30, 2012. On November 16, 2012, Zaplin sent an e-mail to Haney asking him to incorporate the following provision: "Time is of the essence. No extension unless signed in writing by both of us."
On the morning of November 30, 2012, Haney telephoned Zaplin to ask for a $100,000 reduction in the purchase price because "the notes only included two and a half years of accrued interest." Zaplin declined, and the closing did not go forward.
Discussion. On appeal, the plaintiff claims that the Superior Court judge erred in allowing Zaplin's motion for summary judgment, contending that issues of material fact exist whether a contract existed between the parties and that even if one did exist, there was (1) a breach of contract; (2) a breach of the implied covenant of good faith and fair dealing, and (3) a violation of G. L. c. 93A. "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.' " Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
Even assuming there was a contract,[4] we agree with the judge that there was no breach as the plaintiff failed to tender payment on the date set for performance and time was of the essence under the purported contract. "[P]arties will be held to the deadlines they have imposed upon themselves when they agree in writing that time is to be of the essence." Owen v. Kessler, 56 Mass. App. Ct. 466, 469 (2002). See Lafayette Place Assocs. v. Boston Redev. Authy., 427 Mass. 509, 527 (1998), cert. denied, 525 U.S. 1177 (1999) (where neither party tendered performance, neither was in breach or default). Here, because Zaplin provided that "time is of the essence" and neither party executed the contract by the agreed-upon closing date of November 30, 2012, any obligations that the parties had to one another were extinguished.[5] See Devine v. Williams Bros., Inc. of Marshfield, 4 Mass. App. Ct. 816, 816 (1976) (citing Corbin, Contracts, § 663, at 181 [1960] ).
As there was no evidence that Zaplin breached an enforceable contract, he is entitled to summary judgment on the claim for breach of the implied covenant of good faith and fair dealing. See Weiler v. PortfolioScope, Inc., 469 Mass. 75, 82 (2014) ("The covenant of good faith and fair dealing is implied in every contract") (quotation omitted). Finally, the plaintiff failed to allege any conduct of the defendant that was unfair or deceptive, which would support a violation of G. L. c. 93A. "[O]rdinary ... dispute[s] without conduct that was unethical, immoral, oppressive, or unscrupulous" do not indicate unfairness. Duclersaint v. Federal Natl. Mort. Assn., 427 Mass. 809, 814 (1998) (quotation omitted). However, even if the plaintiff had established a breach of contract, something more is required to constitute a violation of G. L. c. 93A. Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 762 (1989).
Judgment affirmed.

The complaint also contained a count seeking specific performance of the contract. The plaintiff waived any appeal as to the dismissal of that count.

The judge found that the "time of the essence" provision constituted a counteroffer because it substantially altered Haney's proposed contract. The judge further found that Haney was required to accept the counteroffer in order for a contract to be formed. Haney maintains that, to the extent there was a counteroffer, he accepted it verbally over the telephone. The judge concluded that even if Haney did accept the counteroffer, the failure to close by the November 30, 2012, deadline extinguished any obligation the parties had to each other.

The plaintiff argues that the "time of the essence" provision was waived because of the continued conduct of the parties. See McCarthy v. Tobin, 429 Mass. 84, 88 (1999). There was no continued conduct between the parties, as communications between them ceased until five days after the closing date, on December 4, 2012, when Haney's attorney telephoned Zaplin's attorney asking to buy the notes and mortgages as previously agreed upon. See Owen v. Kessler, supra at 470.